## Moon *v.* Matthews, Appellant.

*Negligence—Automobiles—Chauffeur—Scope of employment—Master and servant—Disobedience of orders—Use of automobile by owner's family.*

1. In an action to recover damages for injuries sustained from being struck by an automobile at a time when the defendant owner was not an occupant, where it is shown that the automobile belonged to the defendant, and at the time of the accident was being operated by his regular chauffeur, not upon any errand of the latter or to serve the latter's purposes, but in obedience to the order of a member of defendant's family; that the occupants of the car were friends of defendant, and guests of his sister, and the errand upon which the car was taken was entirely proper and fitting in itself, the burden is upon the defendant to show that the chauffeur was not acting within the scope of his employment, and upon the business for which he was employed by his master, and the fact that while acting for the master he may have disobeyed his commands does not take the act out of the scope of his employment.

2. In such a case, the court is not constrained to enter judgment for defendant non obstante veredicto by evidence of the defendant and his sister to the effect that defendant had forbidden the chauffeur to take out the car unless the defendant was with it, where it also appears from the evidence that upon the morning after the accident, defendant and his sister called upon plaintiff, discussed the accident with him and tried to arrange a settlement; that defendant at that time asked plaintiff to send him his doctor's bill and the bill for repairing the carriage and all other repairs, and that neither then nor any time before suit was brought did it appear that the defendant disclaimed liability upon the ground that the chauffeur was not acting for the master at the time of the accident.

3. Where a servant, who is employed for the special purpose of operating an automobile for the master, is found operating it in the manner such machines are usually operated, the presumption naturally arises that he is running the machine in the master's service. If he is not, this fact is peculiarly within the knowledge of the master, and

the burden is on him to overthrow this presumption by evidence which the law presumes is in his possession.

4. Since the scope of the servant's employment is necessarily dependent on circumstances, a hard and fast rule cannot be laid down as to the scope of any particular employment; and it is ordinarily a question for the jury whether or not a particular act comes within the scope of a servant's employment.

Argued Feb. 7, 1910.   Appeal, No. 272, Jan. T., 1909, by defendant, from judgment of C. B. Bucks Co., May T., 1907, No. 9, on verdict for plaintiff in case of Alfred H. Moon v. Charles J. Matthews.   Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before STOUT, J.

The facts appear in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $5,166.   Defendant appealed.

*Errors assigned* were (1) in refusing binding instructions for defendant; and (2) in refusing to enter judgment for defendant non obstante veredicto.

*John G. Johnson,* with him *J. Hibbs Buckman* and *William C. Ryan,* for appellant.—The plaintiff must show not only that the person in charge of the car was defendant's servant but that at the time he was engaged on the master's business: Lotz v. Hanlon, 217 Pa. 339; Sarver v. Mitchell, 35 Pa. Superior Ct. 69; Durham v. Strauss, 38 Pa. Superior Ct. 620; Quigley v. Thompson, 211 Pa. 107; Guille v. Campbell, 200 Pa. 119; Rudgeair v. Reading Traction Co., 180 Pa. 333; Murphey v. Phila. Rapid Transit Co., 30 Pa. Superior Ct. 87.

*Harmon Yerkes,* of *Yerkes, Ross & Ross,* with him *Gilkeson & James,* for appellee.—If a wrongful act is committed in the course of the master's business the master is liable, notwithstanding such act may have been in direct violation of his instructions: McClung v. Dearborne, 134 Pa. 396; Phila., etc.,

R. R. Co. v. Brannen, 17 W. N. C. 227; Penna. R. R. Co. v. Vandiver, 42 Pa. 365; Ahern v. Melvin, 21 Pa. Superior Ct. 462; Shaw v. Reed, 9 W. & S. 72.

The question whether a servant was acting within the scope of his employment when he committed a, negligent act, is a question of fact for the jury: Guinney v. Hand, 153 Pa. 404; Simmons v. Penna. R. R. Co., 199 Pa. 232; Hestonville Pass. R. R. Co. v. Grey, 1 Walk. 513.

OPINION BY MR. JUSTICE POTTER, March 21, 1910:

In this action the plaintiff sought to recover damages for injuries received in a collision between a buggy in which he was riding and an automobile owned by the defendant, and operated by his chauffeur. The accident happened upon a dark night. Plaintiff was driving along the road, when he saw and heard the automobile approaching. He turned as far as possible to the right side of the road to let it pass, but, according to his testimony, the automobile came directly towards him, struck his buggy, and he either jumped or was thrown into the road, and severely injured. It was admitted that the automobile was owned by defendant and that the chauffeur was employed by him to care for and operate that particular vehicle. The trial judge submitted to the jury for their determination, as questions of fact, whether the accident was caused by the negligence of the chauffeur, whether the plaintiff was guilty of contributory negligence, and whether at the time of the accident the chauffeur was acting within the scope of his employment, and was upon his master's business. Upon all these matters, the jury found in favor of the plaintiff.

The first and second assignments of error raise the question whether the court should not have taken the case from the jury and directed a verdict for defendant, or entered judgment non obstante veredicto in his favor.

Counsel for appellant maintain that at the time of the accident the chauffeur was not engaged in the master's business, and was acting in disobedience of his orders. This claim is based upon evidence offered by the defendant, tending to show

that he had forbidden the chauffeur to take out the car unless the defendant was with it, and that upon the night of the accident the car was taken out by the chauffeur, under the direction of the sister of the defendant, who made her home with defendant, and was regarded as a member of the family. It was not pretended that the chauffeur was acting in any way upon his own business. Miss Alice Matthews testified that she made up her party for an automobile ride, expecting to get her brother's consent when he came home, but as he was late in arriving she ordered the chauffeur to take out the automobile upon her own responsibility. It also appears from the evidence that upon the morning after the accident, defendant and his sister called upon plaintiff, discussed the accident with him and tried to arrange a settlement. Defendant at that time asked plaintiff to send him his doctor's bill and the bills for repairing the carriage and all other repairs. Neither then nor at any time before suit was brought did it appear that the defendant disclaimed liability upon the ground that the chauffeur was not acting for the master at the time of the accident. It seems to have been set up for the first time, as a matter of defense, at the trial. It has been held that the facts and circumstances at the time of an accident may raise a presumption that the regular chauffeur employed by the owner and in charge, was acting within the scope of his employment. In Long v. Nute, 123 Mo. App. 204, BLAND, J., said (p. 209): "Where a servant, who is employed for the special purpose of operating an automobile for the master, is found operating it in the usual manner such machines are operated, the presumption naturally arises that he is running the machine in the master's service. If he is not so running it, this fact is peculiarly within the knowledge of the master, and the burden is on him to overthrow this presumption by evidence which the law presumes he is in possession of."

In the case of Guinney v. Hand, 153 Pa. 404, it appeared that the plaintiff was injured by a beer wagon belonging to defendants, and in charge of a driver employed by them. Judgment on a verdict for plaintiff was affirmed, Chief Justice STERRETT saying (p. 410): "The question whether Carroll

(the driver) was acting within the scope of his employment, etc., was clearly a question of fact for the jury."

In Simmons v. Penna. R. R. Co., 199 Pa. 232, we said (p. 238): "Since the scope of the servant's employment is necessarily dependent on circumstances, a hard and fast rule cannot be laid down as to the scope of any particular employment; and it is ordinarily a question for the jury whether or not a particular act comes within the scope of a servant's employment."

In the case at bar, the defense depended entirely upon the oral testimony of the defendant and his sister, as to the instructions given to the chauffeur, for the use of the automobile. Clearly the chauffeur was not out upon any errand of his own. He was directed to take the machine out by a member of defendant's family, and he did so. Was it for him, under such circumstances, to dispute the right of a member of the family to order the machine out? Was he to presume that permission of the owner had not been obtained? The facts of this case distinguish it clearly from those in Lotz v. Hanlon, 217 Pa. 339. There the plaintiff simply showed that the defendant owned the machine; and rested. The defendant then called a witness, presumably the chauffeur, whose testimony was not contradicted in any manner, and from which it appeared conclusively that the use of the machine by the driver on the evening when the accident occurred was wholly unlicensed, was for his own convenience and pleasure, and entirely apart from his master's business. Under such circumstances, the owner was naturally held not liable for the conduct of the chauffeur.

So in Sarver v. Mitchell, 35 Pa. Superior Ct. 69, the plaintiff showed that the car was registered in the name of the defendant, and that the chauffeur had been seen driving his car before. The defendant then took the stand and admitted that the car belonged to him, and that the chauffeur was in his employ, and then the defendant testified that he had gone over to New York and had forbidden the chauffeur to take the machine out of the garage while he was away. The people who were in the machine at the time of the accident were the

chauffeur's personal friends, and he had them out on a pleasure trip. Here there was no real testimony tending to impeach the testimony of the defendant, and as the Superior Court said (p. 72) "all the attending circumstances, as narrated by the plaintiff's witness who was in the party at the time the child was killed, tending to show that the occupants of the car were personal friends of the chauffeur, and not of the defendant." And the case was ruled upon the ground that there was no evidence to show that at the time of the accident the car was being used in or about the business of its owner.

But in the present case the facts were entirely different. It was shown that the automobile belonged to defendant, and at the time of the accident was being operated by his regular chauffeur, not upon any errand of his own, or to serve his own purposes, but in obedience to the order of a member of defendant's family. That the occupants of the car were friends of defendant, and guests of his sister, and the errand upon which the car was taken was entirely proper and fitting in itself. Under such circumstances, the burden was upon the defendant to show that the chauffeur was not acting within the scope of his employment, and upon the business for which he was employed by his master. The test is, whether the act was done in the prosecution of the business in which the servant was employed to assist. If it was, the master is responsible. The fact that while acting for the master he may have disobeyed his commands, does not take the act out of the scope of his employment: McClung v. Dearborne, 134 Pa. 396. The present case as made out by the evidence of the plaintiff was sufficient to warrant a recovery. Whether or not it was overcome by the testimony offered by the defendant was for the determination of the jury.

The assignments of error are overruled, and the judgment is affirmed.