# Hazzard *v*. Carstairs, Appellant.

*Negligence—Highways—Collision—Automobiles — Chauffeur— Scope of employment—Respondeat superior—Rules of road—Excessive speed.*

1. Where in an action against the owner of an automobile to recover damages for injuries alleged to have been caused by the negligence of the defendant's chauffeur it appears that the defendant was the owner of the car which collided with plaintiff, and at the time of the collision her chauffeur was operating it, not upon any errand of his own, but in obedience to an order given by defendant's daughter, who with the other occupant of the car was on the way to the defendant's home, the burden is on the defendant to show that at the time the chauffeur was not acting within the scope of his employment and upon the business for which he was employed.

2. In such a case the jury is properly instructed that they should find as a fact whether or not the automobile was being used within the scope of the employment of the chauffeur, and that if so, and if he was negligent, the defendant is responsible.

3. A verdict against the owner of an automobile for damages for personal injuries suffered by the plaintiff through the alleged negligence of the defendant's chauffeur will be sustained where a fair inference to be drawn from the testimony of plaintiff's witnesses was that the chauffeur suddenly turned his car from the right to the left side of the street for the purpose of passing a team in front, and that he was driving the machine at such a reckless rate of speed that he was unable to control it in time to avoid a collision with the plaintiff, who was approaching riding a motor cycle on the side of the street where he ought to have been.

Argued Jan. 9, 1914. Appeal, No. 198, Jan. T., 1913,

by defendant, from judgment of C. P. No. 4, Philadelphia Co., Dec. T., 1911, No. 4176, on verdict for plaintiff in case of William F. Hazzard v. Mary W. Carstairs. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before WILLSON, P. J.

The opinion of the Supreme Court states the case.

The jury found a verdict for plaintiff for $8,000. Defendant appealed.

*Error assigned,* inter alia, was in refusing defendant's motion for judgment non obstante veredicto.

*Layton M. Schoch,* with him *Chester N. Farr, Jr.,* for appellant.—There was no proof of negligence on the part of the chauffeur: Downey v. Pittsburgh Rys. Co., 219 Pa. 592; Gallagher v. Snellenburg, 210 Pa. 642.

The case is wholly barren of any fact from which the jury might have found or properly inferred that the chauffeur was acting under the direction or with the knowledge, consent or subsequent ratification of this appellant: Fire Insurance Patrol v. Boyd, 120 Pa. 624; Lotz v. Hanlon, 217 Pa. 339.

*Maurice W. Sloan,* for appellee.—This case comes under the rule laid down in the case of Davidson v. Traction Co., 4 Pa. Superior Ct. 86.

The doctrine of respondeat superior applies: Marcus v. Gimbel, 231 Pa. 200; Lotz v. Hanlon, 217 Pa. 339; Moon v. Matthews, 227 Pa. 488.

OPINION BY MR. JUSTICE BROWN, February 9, 1914:

On April 3, 1911, at a little after five o'clock p. m., the appellee was riding west on a motorcycle on the north side of Walnut street, in the City of Philadelphia. When he was at a point about fifty feet east of Thirty-

seventh street an automobile owned by the defendant and operated by her chauffeur collided with him, the collision resulting in most serious injuries to him. From the judgment which he recovered for the same this appeal is before us.

At the time of the collision the appellee, was on the side of the street where he ought to have been, and it was the duty of the chauffeur to have passed him to the right or south, as the street runs east and west: Foote v. American Product Company, 195 Pa. 190. But though this is so, if the collision occurred under the circumstances detailed by the chauffeur and the two occupants of the automobile, called as witnesses for the defendant, it was an unavoidable accident. He testified that, as he approached Thirty-seventh street, on the south side of Walnut, close to the curb, he saw, through the open yard in front of the building at the corner, a team coming up Thirty-seventh street at a rapid rate of speed. He said it was coming at a "terrible rate," and he thought "it was a runaway." He further testified that the only thing he could do to avoid collision with it was to turn his car over to the north side of the street. This he did, cutting diagonally over from the southwest corner to the northeast corner of the intersecting streets. After he had thus avoided collision with the team, he reduced the speed of his car to about three miles an hour, and then saw the motorcycle coming towards him, but turning to the south side of the street. He then increased the speed of his car, driving in close to the north side of the street, but, according to his testimony, the appellee had changed his course from the south to the north, and ran into him. A daughter of the defendant and a companion who was with her in the car corroborated the chauffeur in his account of the accident. But quite a different situation was presented by the witnesses called for the plaintiff, and, in view of it, the court could not have said, as a matter of law, that the injury of the appellee was not the result of the negligence of the

chauffeur in driving the car.   Under the evidence pro-
duced by the plaintiff, that question was for the jury.

A witness to the collision, called by the plaintiff, testi-
fied that no team was coming up Thirty-seventh street;
that he saw the automobile of the defendant go over
from the south side of Walnut street to the north side at
a rate of speed of fourteen miles an hour;  that it struck
the appellee close to the north side of the street, and its
speed was so great that it carried the motorcycle thirty
feet beyond the point of collision.   Another witness
stated that the automobile turned to the north side of
Walnut street, at the corner of Thirty-seventh, to get
ahead of a team that was moving eastward in front of
it.   A fair inference to be drawn from the testimony of
these witnesses for the plaintiff was that the chauffeur
suddenly turned his car from the south side of Walnut
street over to the north, not to avoid collision with a
team coming up Thirty-seventh street, but for the pur-
pose of passing one which was going east in front of the
automobile, and that he was driving the machine at such
a reckless rate of speed that he was unable to control it
in time to avoid collision with the plaintiff, who was
approaching him on the north side of the street.   The
question of the chauffeur's negligence under all the evi-
dence was submitted to the jury in a most careful charge,
and the finding that he was negligent cannot be dis-
turbed.

A second contention of the appellant is that, under
the facts developed at the trial, the rule respondeat su-
perior ought not to be applied.   She was the owner of
the automobile which collided with the plaintiff, and, at
the time of the collision, her chauffeur was operating it,
not upon any errand of his own, but in obedience to an
order given by her daughter, who, with the other occu-
pant of the car, was on the way to appellant's home.
Under these circumstances, the burden was upon her to
show that, at the time the chauffeur ran into the plain-
tiff, he "was not acting within the scope of his employ-

ment, and upon the business for which he was employed": Moon v. Matthews, 227 Pa. 488. The question of the responsibility of the appellant for the act of her chauffeur was thus properly submitted to the jury: "But it is for you to determine whether or not it is the fact that the owner of the machine in this case allowed the machine to be used. If you believe it was under the control of a member of her family, if you believe that in that way, the natural way, in a common ordinary way, this automobile was permitted to be used for the benefit and pleasure of members of the family, then it would be for you to say whether or not it would be a legitimate inference to draw that it was being used within the scope of the employment of the chauffeur, and if so, if he was negligent, the defendant in this case would be responsible."

Assignments of error overruled and judgment affirmed.