## Crouse et al. *v.* Lubin, Appellant.

*Negligence—Automobiles—Use by family—Master and servant —Establishment of relationship—Evidence — Respondeat superior —Bailee—Case for jury.*

1. One who keeps an automobile for the pleasure and convenience of himself and family will be liable for injuries caused by the negligent operation of the machine while it is being used for the

pleasure or convenience of a member of his family, and it is immaterial that the chauffeur was furnished and paid for by another.

2. Where the owner of an automobile kept it at the garage of a manufacturing company, of which her husband was president, and arranged that such company should furnish a chauffeur for the car for the use of her mother, and, at the request of the mother, the foreman of the garage sent her the car, in charge of a chauffeur, who negligently collided with another automobile while returning the car to the garage, the chauffeur was for the time being not the servant of the manufacturing company but of the owner of the car and for his torts, committed while engaged in her business, the owner was liable.

3. Defendant's mother was not a bailee, but was acting as the representative of her daughter.

*Practice, C. P.—Husband and wife—Married women—Suits against married women—Joinder of husband.*

4. Under modern legislation, a married woman is liable for her torts and may sue and be sued as a feme sole, and the joinder of her husband is not necessary or even proper.

Argued Jan. 10, 1918. Appeal, No. 144, Jan. T., 1917, by defendant, from judgment of C. P. No. 2, Philadelphia Co., June T., 1915, No. 3596, on verdict for plaintiffs, in case of Mary J. Crouse and William J. Crouse v. Annie Lubin. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ, Affirmed.

Trespass to recover damages for personal injuries. Before BARRATT, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff, Mary J. Crouse, for $2,000, and for plaintiff, William J. Crouse, for $350 and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury, in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*W. W. Smithers,* for appellant.—There was no element to sustain the doctrine of respondeat superior:

Wray v. Evans, 80 Pa. 102; McMahen v. White, 30 Pa. Superior Ct. 169; Jimmo v. Frick, 255 Pa. 353; McCullough v. Shoneman, 105 Pa. 169.

It appearing from the evidence that the defendant was a feme covert and the record showing the husband not joined, the verdict cannot be sustained: Franklin's App., 115 Pa. 534; Wheeler & Wilson Mfg. Co. v. Heil, 115 Pa. 487; Quick v. Miller, 103 Pa. 67; Hess v. Heft, 3 Pa. Superior Ct. 582.

*Victor Frey,* with him *Augustus T. Ashton,* for appellees.—The chauffeur of the car was the servant of the appellant; for his negligence she must answer: Moon v. Matthews, 227 Pa. 488; O'Malley v. Public Ledger Co., 257 Pa. 17; Birch v. Abercrombie, 74 Wash. 486; Bowling v. Roberts, 235 Pa. 89; Jimmo v. Frick, 255 Pa. 353; Kurtz v. Tourison, 241 Pa. 425.

The chauffeur was defendant's agent for the driving of the car: Denison v. McNorton, 228 Fed. 401; Smith v. Machesney, 238 Pa. 538.

OPINION BY MR. JUSTICE WALLING, February 25, 1918:

This is an action by husband and wife to recover damages for personal injuries to the latter, resulting from a collision of automobiles. On February 28, 1915, the plaintiff, Mary J. Crouse, was riding west on Somerset street, Philadelphia, in a Ford car, with which defendant's Packard limousine collided at Twentieth street, causing plaintiff's injuries. The jury found that the accident resulted from the negligence of the chauffeur of defendant's car; and the question here is as to the owner's liability therefor. Defendant resided with her husband and mother in Philadelphia; she also lived more or less at Betzwood and at Atlantic City. She had other cars for her personal use and kept the Packard for the use and pleasure of her husband and mother, Mrs. Abram, especially for the latter, who was authorized to use it whenever she desired, without limit. Defendant

had no regular chauffeur for this car, but it was kept at convenient garages and sometimes at the garage of the Lubin Manufacturing Company, of which her husband was the president. It was there on the day above mentioned, and, in response to the request of defendant's mother, the foreman of that garage sent her the car, as he had done on previous occasions, in charge of one George B. Day as chauffeur. The accident happened while the car was being returned to the garage. Mr. Day was an employee of said company and his compensation for driving this car was paid by it in connection with his regular salary. The accident happened on Sunday and the only service he performed that day was as chauffeur of this car. While doing that he was subject to the direction and control of defendant's mother and not of the company. The Lubin Manufacturing Company was not engaged in any business connected with automobiles and seems to have given this car storage as a matter of accommodation. Defendant offered no evidence and there was no controversy as to the facts on this branch of the case. Defendant had never directly employed Mr. Day, and at the time of the accident she was temporarily residing at Atlantic City. The trial judge instructed the jury that defendant was liable for the acts of the chauffeur, and later entered judgment for plaintiffs on the verdict. Defendant appealed.

We find no error in the record. Defendant made it her business to furnish a car for the comfort and pleasure of her mother, and a chauffeur was necessary in order to obtain the benefit thus conferred. The right to have a driver was implied in the right to use the car. In employing or using Mr. Day as a chauffeur, the mother was acting within the scope of her authority and in reality representing the daughter. Mrs. Abram was not a bailee of the car. Her jurisdiction was limited to the right to use it as a member of the family. A like authority from a father to his daughter would not render her a bailee of

the car, for her possession would be his possession. Mrs. Abram did not borrow or hire the car from defendant.

The Lubin Manufacturing Company's servant drove the car in question but while so doing he was in defendant's car and subject to the direction and control of its owner or occupants. It was no part of the company's business to take Mrs. Abram out riding, and Mr. Day while engaged in that work was not prosecuting its business, nor was it answerable for his default. A master is not liable for the acts of his servant while temporarily in the employ of another: Puhlman v. Cab Company, 259 Pa. 393. "The master is not liable for the servant's acts, if at the time of the acts complained of he has become ad hoc the servant of another, and engaged in the business of that other, and under his direction and control": Berry, on the Law of Automobiles (2d ed.), p. 689.

The same learned author on p. 735 says: "The rule is followed in most of the states in which the question has been decided, that one who keeps an automobile for the pleasure and convenience of himself and family, is liable for injuries caused by the negligent operation of the machine while it is being used for the pleasure or convenience of a member of his family." See also Denison v. McNorton, 228 Fed. Rep. 401; Winfrey v. Lazarus, 148 Mo. App. 388; Birch v. Abercrombie, 74 Wash. 486. Defendant made it an element of her business to provide recreation and pleasure for her mother and was responsible for the car while in use for that purpose. Her liability results from the fact that her car was being used for the purpose she had authorized, and it is not material who furnished the chauffeur. One who keeps an automobile for the benefit of his family is prima facie responsible for its management when in ordinary use for that purpose. See Moon v. Matthews, 227 Pa. 488; Hazzard v. Carstairs, 244 Pa. 122.

It is suggested that Mrs. Lubin's husband should have been joined as a defendant. But under modern legislation a married woman is liable for her torts and may sue

and be sued as a feme sole, and the joinder of her husband is not necessary or even proper: Gustine v. Westernberger, 224 Pa. 455, 460; Smith v. Machesney et al., 238 Pa. 538, 541.

The assignments of error are overruled and the judgment is affirmed.