## Davidson v. Davis, Director General of Railroads.

*Negligence—Railroads—Automobile—Father and son—Negligence of son imputed to father as owner.*

Where a father owns an automobile for the pleasure and convenience of his family, and permits his minor son to use the car for such pleasure and convenience, and the son, in so using it, is grossly negligent at a railroad crossing and the car is injured, the negligence of the son is imputed to his father as owner.

Motion for judgment for defendant *n. o. v.* C. P. Clearfield Co., Feb. T., 1921, No. 75.

*J. A. Gleason* and *J. C. Arnold,* for plaintiff.

*James P. O'Laughlin, Louis R. J. Fenerty* and *Edward T. Kelley,* for defendant.

BELL, P. J., Jan. 16, 1922.—This case was tried Dec. 12, 1921, and resulted in a verdict of disagreement. Upon the trial the defendant, by his twelfth point, requested binding instructions, to wit: "Under all the evidence in this case your verdict must be for the Defendant." The verdict of disagreement was filed Dec. 14, 1921, and on the same day the defendant moved the court to have all the evidence certified and filed as part of the record, and that judgment be entered in favor of the defendant *non obstante veredicto* upon the whole record. The evidence shows that an automobile was owned by the plaintiff, and in May, 1919, was driven by his minor son, Thomas Davidson, to Blain City, and on his return, shortly after midnight, in crossing at grade the tracks of the Pennsylvania Railroad, the automobile was struck by a moving train and considerably damaged. The evidence as to the negligence of the defendant was not satisfactory, but was sufficient to carry the case to the jury, while the evidence of negligence on the part of the driver of the car was clear and unquestioned. The testimony showed, without dispute, that Thomas Davidson did not stop, look and listen before driving upon the railroad tracks, and, in addition thereto, showed utter want of any precaution upon his part. The plaintiff contended that, nevertheless, there should be a verdict in his favor, upon the ground that the relation of the owner and his son, with reference to the car at the time in question, was that of bailor and bailee, while the defendant urged that upon the face of the testimony the negligence of the son must be imputed to the plaintiff, and that he was, therefore, barred from recovery. The only evidence bearing upon this phase of the cause is that of the plaintiff himself and of his son. The plaintiff testified: "Q. Now, Mr. Davidson, the night that the boy took this car out, did he ask your permission to take it? A. Yes, sir. Q. And did you grant that permission? A. Yes, sir." And on cross-examination stated: "Q. It was a pleasure car for your family? A. Yes, sir. Q. The convenience of yourself and family? A. Yes, sir. Q. And you and your son are the persons who drove it for the pleasure or convenience of your own family? A. Yes, sir. Q. Took as you pleased persons as guests, just as you pleased, is that right? A. Yes, sir." The son testified: "Q. Under what arrangement with your father could you take the car out? A. Well, if I wanted the car I would go up and ask him if he was going to use it; if he said, no, he wasn't going to use it, I would ask him if I could have it, and he told me yes, and if he wanted to use it he used it himself and I didn't get it." Referring to the night of the accident, the son testified: "Q. What passed between you and your father before you started out on this night or day? A. Nothing, only just I asked him for it, that was all. Q. You don't recall how you asked him? A. Yes, I went up and asked him if he was going to use the car; I asked him, was

1 D. & C.

he going to the wrestling match; he said he wasn't; I asked him if I could have the car and he said, 'Yes.' Q. Did you drive other members of your family? A. Yes, whenever he didn't want to go I would."

That the negligence of a bailee for hire is not to be imputed to the bailor was determined in Gibson *v.* Bessemer & Lake Erie R. R. Co., 226 Pa. 198, and presumably the rule attaches to all cases of ordinary bailments. It is utterly impossible to reconcile the varying decisions in the several courts of last resort of the United States as to whether or not a person is liable who owns and maintains an automobile for the pleasure of his family, where a person is injured by the negligence of one of the owner's family while using the car with the permission of the owner for the sole purpose of the pleasure of the user. There are some cases which hold that the mere relation existing between the owner and his minor child renders the owner liable; others, that the liability applies only where the use is with the general permission to use at pleasure; one or more hold that liability arises only where the user is not against the command of the owner; and others, that the liability exists whenever used by the express or implied consent of the owner, which amounts to the same thing. The general subject was before the Supreme Court in Crouse *v.* Lubin, 260 Pa. 329, in which the Supreme Court adopted the view stated in Berry on Automobiles, saying: "The rule is followed in most of the states in which the question has been decided, that one who keeps an automobile for the pleasure and convenience of himself and family is liable for injuries caused by the negligent operation of the machine while it is being used for the pleasure or convenience of a member of his family. The defendant made it an element of her business to provide recreation and pleasure for her mother and was responsible for the car while in use for that purpose; her liability results from the fact that her car was being used for the purpose she had authorized, and it is not material who furnished the chauffeur. One who keeps an automobile for the benefit of his family is *prima facie* responsible for its management when in ordinary use for that purpose." On the trial the court submitted the case to the jury on a narrow ground, saying: "Unless you further find from the weight of the evidence in this case that this car was taken only by the son on this occasion, under special permission from the father, and that he was not ordinarily using it merely at his own pleasure, but solely under the special direction of his father, your verdict must be for the defendant."

Upon a review of the matter and consideration of the subject, we are unable to see that it can make any possible difference in the liability of the owner that the use is done under a general authority to use at pleasure or a specific authority to use at the particular time of the accident. It has been our opinion that, where the use is against the command and direction of the owner, he cannot be held liable; but where the owner, knowing the proposed use by a member of his family, grants his specific permission to so use it for the pleasure and convenience of a member of his family, and the car is kept for such pleasure and convenience, the car is being used for the very purpose authorized by the owner, and this being in the line of the purpose for which the automobile is kept by him, and in its ordinary use for that purpose, he is responsible. The conclusion follows that at the time of the accident the driver of the car, who was the minor son of the plaintiff, was using the car for a purpose expressly authorized by the plaintiff, and in ordinary use for the purpose for which it was kept, and that the negligence of the driver is, therefore, imputed to the owner. Whatever may be the general weight of authority of the distinctions which may prevail, any conclusion other than

stated would conflict with the spirit of Crouse v. Lubin, as well as the express language of the Supreme Court.

Now, Jan. 16, 1922, the court not being of the opinion that this case should be retried, certified all of the evidence taken upon the trial so as to become a part of the record, and upon such record judgment is entered *non obstante veredicto* in favor of the defendant.          From John M. Urey, Clearfield, Pa.