## Dickey *v.* General Accident Fire & Life Assurance Corporation, Ltd., Appellant, et al.

Argued December 2, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Layton M. Schoch,* with him *Edwin C. Markel,* for appellant.

*George M. Brodhead, Jr.,* with him *Thomas F. Mount* and *Joseph W. Henderson,* of *Rawle & Henderson,* for appellees.

*C. Brewster Rhoads,* with him *Laurence H. Eldredge* and *Montgomery & McCracken,* for additional defendant.

OPINION BY MR. JUSTICE DREW, January 3, 1938:

The plaintiff, a lawyer by profession, on August 3, 1932, was en route to his summer home near Portsmouth, New Hampshire. In the course of that journey his chauffeur was killed while riding in the tonneau of plaintiff's automobile, then being operated by the plaintiff, who had shortly before temporarily relieved the chauffeur of driving the car.

At the time of the accident plaintiff was the holder of two policies of insurance, one with the defendant in the sum of $5,000 under which the company agreed, inter alia, to indemnify the assured against loss by reason of liability imposed upon him by law for damages on account of any injury to his employee; the other an ordinary automobile liability and property damage policy with the Indemnity Insurance Company of North America, in the amount of $200,000.

It is admitted that each of these policies was in force and effect at the time of the accident; that suit for damages was brought against plaintiff by the administratrix of the estate of the chauffeur; that a verdict for $10,000 was rendered in her favor, upon which judgment was entered; and that plaintiff paid the judgment in full.

The plaintiff claimed reimbursement from the defendant, and the court below entered judgment in his favor for want of a sufficient affidavit of defense for $5,000, the full coverage of the policy. The defendant admits that its policy covers this risk, and that no condition precedent to the obligation was breached, but alleges as the reason for its refusal to pay that the extent of its liability was reduced by a "double insurance" clause in its policy which provided that if the assured had other insurance covering the loss the company shall be liable only "for the proportion of such loss which the sum hereby insured bears to the whole amount of valid and collectible insurance." It contends that Indemnity Company is liable for $40/41$ of the amount of plaintiff's claim.

There would be merit in this contention if the policy of Indemnity Company covered this accident, which it does not. That policy specifically provides: "This policy does not cover (a) any liability of the Assured to any employee of the Assured (except household servants other than chauffeurs) while engaged in any business or occupation of the Assured or in the operation, maintenance or use of any automobile covered by this Policy, or to any person to whom the Assured may be liable under any Workmen's Compensation Law." As can easily be seen, this sentence makes an express exception of chauffeurs engaged in the business of the assured and all workmen's compensation risks. This chauffeur was engaged in the business of the assured. He was not only in his general employ, but was actually on duty at the time of his fatal injury. That he was not driving makes no difference; he was subject to immediate call, was be-

ing paid for his time, was at the scene of his work, was not engaged in any personal pursuit, and was, in short, occupied with the activities of his employment: cf. *Dzikowska v. Superior Steel Co.*, 259 Pa. 578, 581-2.

That assured was on a vacation trip at the time does not alter the case, as defendant argues. A servant acting for his employer is commonly said to be on the latter's business even though the work being done is not with a view to the employer's pecuniary gain: *Rosen v. Diesinger*, 306 Pa. 13, 17; *Crouse v. Lubin*, 260 Pa. 329, 333; *Jimmo v. Frick*, 255 Pa. 353, 357; *Hazzard v. Carstairs*, 244 Pa. 122, 126; *Moon v. Matthews*, 227 Pa. 488, 492, 493. Defendant's whole argument on the meaning of "business" revolves about the definition adopted by the cases *(Marsh v. Groner*, 258 Pa. 473; *Passarelli v. Monacelli*, 121 Pa. Super. Ct. 32) construing "regular course of business" used in Article I, section 104 of the Workmen's Compensation Act of June 2, 1915, P. L. 736. That act has no application here because all such risks are expressly exempted in the policy, and, since the act itself has no effect, its definitions are of no avail. We give the word "business" the general agency connotation. The "business" of the assured, as intended in the policy, was anything in which he desired to concern himself. His trip to his summer home was his "business" and while engaged in it the chauffeur met this unfortunate accident.

The plaintiff's claim not being within the coverage of the policy of the Indemnity Company, there was no "double insurance" to entitle the defendant to pro rate its admitted liability. In this view of the case we need not now answer defendant's contention that the scire facias to summon Indemnity Company as an additional defendant was improperly stricken off. For the same reason it is unimportant that we do not pass upon Indemnity's motion to quash the appeal as to it.

Judgment affirmed.