Manufacturers Casualty Insurance Company, Appellant, *v.* Goodville Mutual Casualty Company.

Argued November 20, 1958. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

Henry T. Reath, with him W. Hensel Brown, J. Grant McCabe, III, and Duane, Morris & Heckscher, for appellant.

Ralph M. Barley, with him Barley, Snyder, Cooper & Mueller, for appellee.

OPINION BY MR. JUSTICE BOK, January 5, 1959:

This proceeding is between two insurance companies. Its form is a petition for a declaratory judgment, which the court below granted and went on to resolve in favor of the defendant.

Beneath are two suits at law in Cumberland County arising out of an accident. Two sets of plaintiffs, O'Malleys and Bissells, sued the additional defendants, Stoltzfus & Sons, Inc., and the Wertzes. These suits are pending.

Stoltzfus & Sons owned a truck and the Wertzes owned a trailer. The truck, driven by Wigenroth, a Stoltzfus employe, was hauling the trailer, with the permission of its owners; in it was a horse belonging to Stoltzfus, president of Stoltzfus & Sons, whose hobby was horses. The haul was not for hire, and the pleadings aver that Wigenroth was the servant, agent, and employe of Stoltzfus & Sons, Inc.

The truck was insured by plaintiff insurance company, the trailer by defendant insurance company. The effort of the instant proceeding is to construe the insurance policies and determine whether defendant company should share the defense of the accident suits

and the payment of any resulting judgments. The defendant company has denied its obligation to do either.

Two points are involved.

One is whether the trailer had a part in bringing on the accident and hence is within the obligation of the policy "to pay . . . all sums . . . as damages . . . caused by accident and arising out of the ownership, maintenance or use of the automobile."

Whether the presence of the trailer was related to the accident may be a question of fact for the jury. It added to the length, the weight, and the momentum of the truck, and to the dynamics of operating it.

Appellee cites *Fuller v. Palazzolo,* 329 Pa. 93 (1938), in which a verdict was sustained against the truck driver and his principal and reversed in favor of the owner of the trailer. The case is authority for no more than that there was no evidence of the trailer's negligence and that negligence must be brought home to it, by pleading and proof.

. . There is pleading in the instant case that the truck and trailer were negligently driven over the medial strip of the Pennsylvania Turnpike and across the lane in front of plaintiffs' car. Hence there is opportunity to prove negligence at the trial.

In view of the point of decision in the *Fuller* case, we will not pass upon the rule of *American Fire and Casualty Co. v. Allstate Insurance Co.,* 214 F. 2d 523 (1954), cited in both briefs, where the Court of Appeals for the Fourth Circuit required contribution although the truck and the towed vehicle were separately owned and insured and the towed vehicle did not cause the accident.

The second point is whether the trailer is an "automobile" within the provision of the policy that defines one as follows: "(2) Trailer—a trailer not described

in this policy, if designed for use with a private passenger automobile, if not being used for business purposes with another type automobile. . . ."

It is conceded that the Wertzes' trailer was not described in the policy; that it was designed for use with a private automobile; and that it was being used at the time of the accident with "another type automobile". The one question is whether it was or was not being used "for business purposes".

Appellee argues that the business purpose was conceded when the defendants in the accident suits failed to file an answer and hence admitted the averment that Wigenroth was acting "in the course of his employment and in furtherance of his employer's business."

In our view "business" and "business purpose" are not the same thing. There is an obvious dichotomy between business and pleasure based on such distinctive elements as construction, insurance premiums, taxes, license fees, and the like. The rules of pleading, however, give no reason to restrict the idea of agency to commerce or money. An agent who furthers his employer's interests, activities, or affairs in general is his servant in the sense that liability follows the servant's wrongdoing. As the Court said in *Dickey v. General Accident Fire and Life Assurance Corporation,* 328 Pa. 541 (1938): "A servant acting for his employer is commonly said to be on the latter's business even though the work being done is not with a view to the employer's pecuniary gain . . . The 'business' of the assured, as intended in the policy, was anything in which he desired to concern himself. His trip to his summer home was his 'business' . . ." See also *Rosen v. Diesinger,* 306 Pa. 13 (1932); *Crouse v. Lubin,* 260 Pa. 329 (1918); *Jimmo v. Frick,* 255 Pa. 353 (1917); *Hazzard v. Carstairs,* 244 Pa. 122 (1914); *Moon v. Matthews,* 227 Pa. 488 (1910).

Hence we have no difficulty in holding that the transportation of a horse free of charge was on the owner's business but was not in furtherance of a business purpose. The trailer, therefore, was an automobile within the meaning of the policy, and the defendant insurance company should share in the defence.

The judgment is reversed with a *procedendo*.