## American Guarantee & Liability Insurance Co. v. Fainor

*Wallace H. Webster*, for plaintiff.

*Walker & Walker*, for defendant.

HENNINGER, P. J., February 17, 1959.—This is a declaratory judgment by plaintiff, who is the insurer of the 1953 Hudson car of defendant, Thomas J. Fainor, against Fainor and against Erie Insurance Exchange, the insurer of the partnership, Thomas Fainor and Thomas J. Fainor, doing business as Fainor's Mobil Station.

Thomas J. Fainor on April 18, 1955, purchased from plaintiff a one-year policy covering, inter alia, $10,000

to $20,000 against bodily injury liability in relation to his 1953, four-door Hudson Sedan. On or about November 25, 1955, this car was traded in on a 1956 Chevrolet car. For financing purposes, title to the 1956 Chevrolet was taken in the name of Thomas Fainor, father of Thomas J. Fainor, because Thomas J. was then a minor, 18 or 19 years of age.

On December 1, 1955, the father and son, trading as Fainor's Mobil Station, purchased insurance from defendant for one year for, inter alia, bodily injury liability of $50,000 to $100,000. No specific vehicle is mentioned as being covered by the policy.

On or about December 1, 1955, John Diehl, agent for plaintiff company, was in communication with Fainor senior for the purpose of renewing a policy with plaintiff covering the senior Fainor's 1952 Hudson car. Fainor senior, believing that his policy with Erie covered his car, decided not to renew. At the same time Diehl was told that Fainor junior had purchased a 1956 Chevrolet in place of his 1953 Hudson.

The only material dispute in fact is that John Diehl states that the conversation occurred toward the end of December or the beginning of January, while Fainor senior states it was a week or so after December 1, 1955. Mr. Diehl admits that he was told of the exchange of the son's car, that he saw the 1956 Chevrolet and that they agreed that the son's policy "wasn't worth cancelling."

On January 29, 1956, Fainor junior, while driving the 1956 Chevrolet for pleasure, had an accident, from which a claim for bodily injury arose in an action now pending in our courts, in which Robert Weidner and his parents, Elwood and Frances Weidner, are plaintiffs. On January 31, 1956, Fainor senior notified plaintiff of this accident.

That plaintiff has the right to bring this declaratory judgment to predetermine the responsibility of the several insurers seems clear from the very recent case of Manufacturers Casualty Insurance Company v. Goodvile Mutual Casualty Company, 394 Pa. 364.

As we understand this action, plaintiff is seeking a ruling: (1) That it is not answerable to Fainor junior, or to persons injured by his negligence, because of his alleged nonownership of the replacement car and because of alleged failure to notify the company within 30 days after replacement; and (2) that in any case, Erie, the insurer of the partnership, is alone or with plaintiff so answerable.

Erie, in exculpation, points to a clause exempting it from liability for injuries outside partnership business unless the car involved was entitled in the partnership name. Fainor senior testified that he knew of this provision, but nevertheless for some undisclosed reason neglected to have either his or his son's personal car titled in the partnership, although both cars were used for both business and pleasure.

Our first reaction upon studying this case is the precarious position in which young Fainor finds himself. The complaint was served upon him by handing it to his father at the father's and son's home on September 24, 1957, while the son was in the United States Marines and while he was probably a minor.

At the time of hearing on March 11, 1958, the son was still in the Marines, although the elder Fainor, who, with Diehl, was plaintiff's only witness, testified that the son was then of age, although no specific dates were given.

We have no assurance that young Fainor, while serving his country, had any knowledge that his lifetime driving privileges were at stake should this court find that he had fallen between two stools in that both

insurers might be absolved because of the elder Fainor's carelessness in failing to comply with policy provisions. If ever "a fellow needs a friend" young Fainor needs one now.

Young Fainor is now undoubtedly of age and we learn outside the record that he is now out of the Marines, but he would be bound by a decision based upon service and testimony while he was a military minor and in which he was not represented by independent counsel, if by any counsel at all.

In his brief, counsel for plaintiff has stated that young Fainor, in an answer to a complaint filed by the Weidners, has stated that he was not the owner of the 1956 Chevrolet. We could disregard that piece of evidence because it is not a part of the testimony in this case, but it is relevant to our proposed temporary disposition of this case.

We note that Fainor's counsel in the accident case is plaintiff's counsel in this case. Since Fainor was the driver of the accident car, we cannot understand why he should have filed an answer at all or why he should have taken the trouble to deny ownership of the car, since that had no relevancy to his liability to his injured passenger.

In any event, the incident points up the necessity of Fainor's being represented in this case by independent counsel. See Jedwabny v. Philadelphia Transportation Company, 390 Pa. 231, for an analogous situation.

Since this case must be continued to give young Fainor an opportunity to be heard, it would seem reasonable that to avoid future litigation, claimants against Fainor should be parties to this declaratory judgment.

This delay need not delay trial of the suit by those claimants against Fainor. This declaratory judgment decides only who is to satisfy any judgment and has no

bearing whatsoever upon whether and to what amount a judgment may lie.

Now, February 17, 1959, it is ordered that Robert Weidner, Elwood Weidner and Frances Weidner be added as parties defendant in above captioned action and that the petition for a declaratory judgment be served upon them with notice to answer; it is further ordered that a copy of the petition with notice to answer be served upon Thomas J. Fainor personally, and it is ordered that a pretrial conference be held in chambers on the first floor at 457 Hamilton Street, Allentown, on Wednesday, March 4, 1959, at 10 a.m., at which all other parties shall be present personally or by counsel and Thomas J. Fainor personally and by counsel, if any, and plaintiff is directed to give 10 days' notice of said conference to all parties concerned. Nothing in this order contained shall prejudice the right of the Weidners to secure prompt trial of their claim against Thomas J. Fainor.