Edward Gr. Baker, J.
In this action brought to recover damages for personal injuries allegedly sustained by plaintiff due to the negligence of the defendants, the defendant, Walker, moves for summary judgment.
At the time of the accident which occurred in Pennsylvania on March 5, 1960, plaintiff was a passenger in an automobile being operated by his wife, the daughter of said defendant. The automobile was owned by defendant, Walker, and had been loaned by him to his daughter and the plaintiff for their wedding trip. It was being used at the time for no other purpose, and plaintiff so testified at his examination before trial.
Among other things, the defendant pleads as an affirmative defense that at the time of the accident his automobile was being operated with his consent but not in the course of his business or on his behalf, or by his servant, agent or employee, and without any reservation of control by him.
The accident having occurred in Pennsylvania, the law of Pennsylvania controls (Naphtali v. Lafazan, 8 A D 2d 22, affd. 8 N Y 2d 1097). Under Pennsylvania law ownership of the vehicle involved in an accident, in itself, furnishes no foundation for liability for injuries; “ it is necessary for plaintiff to prove, in some adequate manner, not only that defendant was the owner of the car, and that the driver was his servant, but also that such servant was at the time engaged in the master’s business ” (Double v. Myers, 305 Pa. 266, 270).
Plaintiff cites Hazzard v. Carstairs (244 Pa. 122) and Crouse v. Lubin (260 Pa. 329) in support of his contention that under Pennsylvania law the ‘£ family purpose doctrine ” is recognized and that, in such cases, whether the automobile at the time of the accident was being used in furtherance of a family purpose is an issue of fact to be resolved upon a trial.
There is no such issue of fact present here. The undisputed proof is that at the time of the accident, the automobile was not being operated in furtherance of family business.
In Piquet v. Wazelle (288 Pa. 463), it appears that the car was owned by the defendant and had been purchased for family *444 purposes. It was permissively driven the night of the accident by the son of the owner for his individual purposes. The single question presented was whether the parent [owner] was liable for the son’s negligence. The court, in reversing a judgment for plaintiff, wrote (p. 467): “ If the car, though acquired for the benefit of the family, is not operated at the time of the accident on behalf of the owner and in furtherance of his business, or that of the family, even though it was permissively used, no liability follows, for it cannot be said that the driver was his servant or agent.”
In Hildock v. Grosso (334 Pa. 222), a case strikingly similar to the case at bar, the court (Schaffer, J.) wrote as follows (pp. 223-224): “Defendant owned the automobile which, it is claimed, injured plaintiff while it was driven by defendant’s adult son. The car had been purchased by the father for the pleasure and convenience of the family. The father was unable to drive the car. On the day of the occurrence out of which this action grows, the son, who had a driver’s license, asked his father for the use of the automobile to go to Uniontown in order to make arrangements for his approaching marriage and the father allowed him to use the vehicle to make the trip. During its progress the collision occurred in which plaintiff was injured.
“ No agency of the son for the father or relation of master and servant was created under the circumstances. The son operated the car on his own account and for his own purpose.
“ The cardinal principle applicable to the factual situation here presented was succinctly stated by the late Mr. Justice Sadler in Piquet v. Wazelle, 288 Pa. 463, 467, 136 A. 787: ‘If the car, though acquired for the benefit of the family, is not operated at the time of the accident on behalf of the owner and in furtherance of his business, or that of the family, even though it was permissively used, no liability follows, for it cannot be said that the driver was his servant or agent.’ In Warman v. Craig, 321 Pa. 481, 482, 184 A. 757, a case strikingly similar to the case at bar, Mr. Justice Drew said: ‘ The fact that the car was owned by the defendant and was being operated by his adult son with his permission is itself insufficient to charge defendant with liability * * * It was incumbent upon plaintiff to prove that the son, his father’s servant, was engaged upon his father’s business when operating the car, so as to be subject to the latter’s control or right of control at the time of the accident.’
“ The cases of Moon v. Matthews, 227 Pa. 488, 76 A. 219; Hazzard v. Carstairs, 244 Pa. 122, 90 A. 556, and Crouse v. Lubin, 260 Pa. 329, 103 A. 725, relied upon by the court below, are *445 readily distinguishable. In each of these cases the operator of the motor vehicle was at the time of the accident engaged in the furtherance of the family business.”
Motion of defendant, Walker, for summary judgment is granted, and the action severed as against the other defendants.