Benjamin Brenner, J.
The third-party defendant and plaintiff, her husband, move for judgment pursuant to CPLR 3211 dismissing the third-party complaint upon various grounds.
Plaintiff was injured in the State of Pennsylvania while a passenger in a car operated by his wife, the third-party defendant, with the permission of the owner (the wife’s father). It came into collision with a Pennsylvania registered interstate trailer-truck controlled by defendants, New Jersey residents, and used in connection with defendants’ trucking business in New Jersey. At the time of the collision plaintiff and his wife were returning to their New York home from their honeymoon in Pennsylvania and the trailer-truck was being used to carry a load of coal for defendants from Pennsylvania to New Jersey.
This action had originally included the wife’s father as a party defendant but the complaint against him was dismissed, upon the ground that under the substantive law of Pennsylvania, i.e., the lex loci delicti, no liability attached to the owner of a motor vehicle unless its operator was at the time engaged in the owner’s business (Murphy v. Barron, 38 Misc 2d 442). Though the order and the judgment entered thereon were not appealed, that dismissal has no bearing upon my determination here because of the holding below.
The third-party complaint (as does the principal complaint) charges plaintiff’s wife with her negligent operation of the vehicle and defendants therefore seek contribution from the wife as a joint tort-feasor should they be found negligent under the main complaint. The injured plaintiff and his wife contend that the new “ center of gravity ” or ££ grouping of contacts ” doctrine recently enunciated by our Court of Appeals (see Babcock v. Jackson, 12 N Y 2d 473, 479) forbids ” the application of *907 Pennsylvania law permitting suits for anticipatory contribution in the instant conflict of law situation and in effect requires this court to apply the substantive law of New York, the State of the forum, rather than the substantive law of Pennsylvania.
In applying the doctrine of the Babcock case, I am, of course, concerned only with the issues between the defendant-third-party plaintiffs and the third-party defendant, as distinguished from those concerning the plaintiff versus the defendant-third-party plaintiffs (see Ardieta v. Young, 22 A D 2d 349, 351). Under the third-party complaint none of plaintiff’s substantive rights are at issue, even though he joins his wife’s application for dismissal.
The right to contribution by a primary wrongdoer against a primary wrongdoer is granted by Pennsylvania statute (Pa. Stat., tit. 12, § 2081 [now § 2083]). It is “a substantive legal right ’ ’ which is unaffected by purely procedural statute or rule enacted or promulgated for convenience and to avoid multiplicity of suits. (Emphasis supplied.) (Fisher v. Diehl, 156 Pa. Super. 476.) That the cause of action for contribution is a substantial right is similarly recognized in this State (see Haines v. Bero Eng. Constr. Corp., 230 App. Div. 332, 335). The substantive right to contribution recognized in States such as Pennsylvania, where a joint judgment is not a prerequisite, may be procedurally enforced in this State, though the problem of contribution is treated differently here (see Tuffarella v. Erie R. R. Co., 10 A D 2d 525, 530, 531).
In Babcock all aspects of the occurrence, except the place of the accident, were interwoven and intimately connected with the State of New York. The plaintiff guest and the defendant driver-host were residents of New York. Their vehicle was registered, garaged and undoubtedly insured in New York. The interests and contacts of the State of New York had a direct relationship to the substantive rights of the parties in the foreign-placed tort. This impelled the court to assume paramount control of the ensuing problem imposed by the bar of the statutory law of Ontario which deprived the plaintiff passenger of a cause against the wrongdoer. Ontario’s sole relationship with the occurrence was the accident itself; its only interest, the avowed purpose of the statutory bar, was to prevent the assertion of fraudulent passenger tort claims in collusion with drivers, against Ontario insurance companies. Accordingly, the court in Babcok found that Ontario had no conceivable interest in denying a remedy to a New York guest against his New York host for injuries suffered in Ontario “by reason of conduct which was tortious under Ontario law ” {supra, p. 482).
*908 The facts in the instant situation are materially different from those in Babcock. Here there are two vehicles, not one, as was there involved. One vehicle was under the control of New York residents; the other under the control of New Jersey residents and registered in Pennsylvania. The latter were hauling a load of merchandise from Pennsylvania to New Jersey. Thus, applying the philosophy of the Babcock case, there is here a factual pattern to warrant a determination that the State of New York does not have “ predominant ” concern with the rights of the parties to require application of the substantive law of New York in lieu of that of Pennsylvania.
It may also be added that the court in Babcock did not, except in the limited sense indicated by the case itself, disavow or repudiate the traditional vested rights doctrine, i.e., the right to recover on a cause of action created under the law of a foreign jurisdiction for a wrong occurring there and which depends for its existence and extent solely on such law (see supra, pp. 477-478). Nor did the court disturb the principle that the law of the sister State shall control the “ rightness or wrongness ” of the conduct of the defendant in that State. It simply moved away from the rigidity of the traditional foreign tort rule to apply the law of this jurisdiction for the purpose of achieving a just and fair result under circumstances which showed that the foreign jurisdiction had “ no conceivable interest in denying a remedy to a New York guest against his New York host ” (supra, p. 482).
Contentions by the moving parties that rules 2251, 2252 and 2253 of the Pennsylvania Rules of Civil Procedure are substantive rather than procedural are unsubstantiated. Service of a third-party complaint may there be made by a defendant as of course within 60 days after service of the complaint or by order of the court (Pa. Rules Civ. Pro., rule 2253). That provision has been held to be procedural and “ not to be exalted to the status of substantive objectives ” (Coppage v. Smith, 381 Pa. 400, 405). In Coppage it was held that joinder may be allowed by the courts at “ any stage of an action ” (supra, p. 405). When the State Legislature vested the Supreme Court of Pennsylvania with power to prescribe rules of practice and procedure, the statute provided that such rules “ shall neither abridge, enlarge or modify the substantive rights of any litigant ”. (Purdon’s Pa. Stat., Rules Civ. Pro., Appendix, tit. 12, p. 359.)
Though it is a rule in Pennsylvania that one cannot maintain an action against his spouse for a tort, it is nevertheless proper to make a plaintiff’s spouse a party defendant directly or by *909 interpleader, so that the adverse rights of the defendants and the third-party defendant may be determined as between themselves (see Puller v. Puller, 380 Pa. 219; Kaczorowski v. Kalkosinski, 321 Pa. 438; Goldstein v. Yellow Cab Co., 44 Penn. D. & C. Rep. 560, 562). Also under Pennsylvania law, the substantive right to sue the third-party defendant for contribution accrues when the complaint in the principal action is served upon the defendants (Pa. Stat., tit. 12, § 2081 [now § 2083]; see Fisher v. Diehl, supra). Defendants under that State law have the choice of enforcing their right to contribution by third-party action or by separate suit (see Goldstein v. Yellow Cab Co., supra, p. 564).
The case of Morton v. Maryland Cas. Co. (1 A D 2d 116, affd. 4 N Y 2d 488) where the Louisiana statute authorized direct action against the insurer in the parish where the accident occurred is of no aid to the moving parties. While the substantive nature of the newly created cause of action against the insurer was given recognition by the Court of Appeals of New York, the presence therein of the specific “built-in” venue provision compelled the determination “localizing” its effect (see Oltarsh v. Ætna Ins. Co., 15 N Y 2d 111, 116, 119).
Nor does the two-year Pennsylvania Statute of Limitations, applicable to the plaintiff’s cause of action in negligence in the main action, bar the defendant’s action for contribution (see Lanser v. Baumrin, 2 Misc 2d 610, 611), though it would be a bar to plaintiff’s claim against the third-party defendant (see, also, Adam v. Vacquier, 48 F. Supp. 275, 276, and Battle v. Laurel Line Taxicab Co., 52 Penn. D. & C. Rep. 534, 536).
Finally, as to the claim of laches, the delay in instituting the present interpleader action until September 4, 1964, does not, in and of itself, entitle a party to its dismissal (Triglianos v. Moss & Co., 189 Misc. 157, 158). Plaintiff could not be prejudiced by the issue raised in the third-party complaint, which charges his wife with active negligence, since plaintiff’s complaint contains the very same charge. Our statute (CPLR 1007), which permits a defendant to institute his third-party proceeding “ after the service of his answer,” does not provide a time limit for its commencement. Delay may, of course, be the basis for discretionary dismissal (see 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1007.08). However, the exercise of such discretion requires a determination that the third-party suit will “ unduly delay the determination of the main action or prejudice the substantial rights of any party.” (CPLR 1010.) Thus, discretion to dismiss is not lightly exercised (2 Weinstein-KornMiller, N. Y. Civ. Prac., par. 1010.01).
*910 It is my finding here that the moving parties have, failed to establish that either of them will be substantially prejudiced by permitting the third-party action to stand; nor do I consider the Statement of Readiness Rule to be a bar to the third-party suit. For the reasons stated, the motion is denied.