# Markle, Appellant, v. Perot.

*Negligence—Automobile—Liability of owner—Father and son—Respondeat superior.*

1. The liability of the owner of a motor vehicle, for the tortious act of a driver of his car, which causes injuries to a third person, rests either on the relation of master and servant, or of principal and agent, between the owner and the driver.

2. A father, the owner of an automobile, cannot be held liable for the negligent act of his adult son while driving the car, where it appears that at the time of the accident the son was not engaged in any business of the father, but, with the father's permission to use the car, was on an errand of his own.

3. In such case, the fact that the son resided with his father, and that the automobile may have been used at times for the pleasure, comfort or convenience of the family, is not sufficient to establish liability.

4. Under such a state of facts the relation of master and servant must be established or the doctrine of respondeat superior may not be invoked successfully.

Argued January 6, 1922. Appeal, No. 51, Jan. T., 1922, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1920, No. 6484, refusing to take off nonsuit, in case of Charles D. Markle v. Thomas L. Perot. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

The court entered a nonsuit which it refused to take off. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

*William Charles Brown,* for appellant.—The case was for the jury: Moon v. Matthews, 227 Pa. 488; Hazzard v. Carstairs, 244 Pa. 122; Crouse v. Lubin, 260 Pa. 329; Fox v. Cahorowsky, 66 Pa. Superior Ct. 221.

*J. Lee Patton,* for appellee, cited: Kunkle v. Thompson, 67 Pa. Superior Ct. 37; Raub v. Donn, 254 Pa. 203.

OPINION BY MR. JUSTICE SCHAFFER, February 6, 1922:

Plaintiff appeals from the refusal to take off a nonsuit, the reason for its entry being that he had sued the wrong person.

Defendant was the owner of an automobile, which, while being driven by his adult son, injured the plaintiff. The reason urged by appellant for fixing liability on the father for his son's alleged negligence, is, that the latter was a member of the former's household, and that the automobile was used at times, for the pleasure, comfort and convenience of the family. It is not pretended that, at the time of the accident, the son was engaged on any business of the father, nor is it disputed that he was driving the automobile on a mission of his own—to attend a meeting of a fraternal organization of which he was a member—after obtaining permission from his father to so use it. The liability of the owner of a motor vehicle, for the tortious act of a driver of his car which causes injury to a third person, rests either on the relation of master and servant, or of principal and agent, between the owner and the driver. Speaking of a state of facts very similar to those we are now considering, the Superior Court in Kunkle v. Thompson, 67 Pa. Superior Ct. 37, said: "The action is not brought against the son who operated the car, but seeks to charge the absent owner with the consequences of the negligent operation of his car by another. Under such circumstances there is surely no need to discuss the fundamental principles underlying the long line of decisions—nor even for a citation of the cases—which declare that under such a state of facts the relation of master and servant must be established or the doctrine of respondeat superior may not successfully be invoked. This principle has been steadily and continuously asserted by the Supreme Court and this court......The liability, if any, of the defend-

ant cannot rest merely on the ground that he was the father of the person who drove the car. The fact that he was the owner of the car furnishes no foundation for his liability in the case." There the son, living with his father, was but nineteen years of age, "practically manumitted"; here, while he was living with the father, he was twenty-four years old and employed on his own account.

Nothing was shown which would charge the defendant with responsibility for his son's negligence. The residence of the son with his father, and the circumstance that the automobile may have been used at times for the pleasure, comfort or convenience of the family, are not sufficient to establish liability.

The judgment is affirmed.