## Calmann et ux., Appellants, *v.* Sperry.

*Negligence—Automobiles—Car driven by defendant's son but not on defendant's business—Nonsuit.*

1. In an action for death due to the negligent operation of an automobile by defendant's son, a nonsuit is properly entered where the evidence shows that the son was a licensed driver who had paid for his own license, and that, at the time of the accident, he was not using the machine on any errand or for any purpose of defendant.

Argued January 9, 1923. Appeal, No. 165, Jan. T., 1923, by plaintiffs, from order of C. P. No. 2, Phila. Co., Dec. T., 1920, No. 3805, refusing to take off nonsuit, in case of Rudolph Calmann and Clara Calmann v. George H. Sperry. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's daughter. Before BARRATT, P. J.

The opinion of the Supreme Court states the facts.
Nonsuit; refusal to take off. Plaintiffs appealed.

*Error assigned* was order refusing to take off nonsuit, quoting record.

*Michael D. Hayes*, with him *William H. Wilson* and *Francis M. McAdams*, for appellants.

*F. Carroll Fow*, for appellee.

PER CURIAM, February 12, 1923:
Plaintiffs appeal from the refusal to remove a nonsuit. On July 5, 1920, an automobile owned by defendant and operated by his adult son, collided with a truck, killing plaintiff's daughter, who was a passenger thereon. Defendant had no knowledge of nor interest in the par-

ticular errand on which his son was engaged at the time of the accident; the latter was a licensed driver, who had bought and paid for his own license, and he was not using his father's machine on any errand or for any purpose of defendant, but was returning from a pleasure trip, accompanied by a number of his personal friends. Moreover, while the car was "used for the benefit of the family," the son never drove his father and mother; whenever the car was used by them, it was driven by some one other than the son. We see no error in the refusal to remove the nonsuit: see Markle v. Perot, 273 Pa. 4.

The order appealed from is affirmed.