# Piquet et ux. *v.* Wazelle, Appellant.

*Negligence—Automobiles—Use of automobile by owner's son—Parent and child—Principal and agent.*

1. An automobile is not an instrumentality inherently dangerous, where it is driven by one regularly licensed by the State.

2. If an automobile, though acquired for the benefit of the family of the owner, is not operated at the time of an accident on behalf of the owner, and in furtherance of his business, or that of the family, even though it is permissively used by a son, whose negligence causes an accident, no liability is imposed on the father, for it cannot be said that his son was his servant or agent.

3. Where a person purchases an automobile for the convenience of himself and family, and permits a son, nineteen years of age, and a regularly licensed driver, to use the car for the sole purpose of attending a dance, the father is not liable for injuries caused by the negligent operation of the car by the son while so using it.

4. Had the owner of the car permitted an incompetent and unauthorized person to drive, a different conclusion would be reached.

Argued January 3, 1927. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 59, Jan. T., 1927, by defendant, from judgment of C. P. Clearfield Co., Dec. T., 1925, No. 440, on verdict for plaintiffs, in case of Leon Piquet et ux. *v.* Anton Wazelle. Reversed.

Trespass for personal injuries. Before Chase, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $4,630.34. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*J. Roy Dickie,* of *Dickie, Kier & McCamey,* with him *A. M. Liveright,* for appellant.—The liability of a father

464    PIQUET et ux. *v.* WAZELLE, Appellant.

owning an automobile, for the tortious act of his son in driving said automobile, rests either on the relation of master and servant or of principal and agent.

Nothing was shown which would charge the defendant with responsibility for his son's negligence: Conestoga Traction Co. v. Haldy, 22 Pa. Dist. R. 124; Kunkle v. Thompson, 67 Pa. Superior Ct. 37; Calmann v. Sperry, 276 Pa. 273.

*Charles J. Margiotto,* with him *W. M. Gillespie* and *S. C. Pugliese* and *Arnold, Hartswick & Platt,* for appellees.—The facts shown by plaintiff placed this case squarely within the rule clearly set forth in Crouse v. Lubin, 260 Pa. 329.

The law in Crouse v. Lubin is still the law of Pennsylvania without any qualifications: Hazzard v. Carstairs, 244 Pa. 122; McCaffrey v. Lukens, 67 Pa. Superior Ct. 231; Moon v. Matthews. 227 Pa. 488; Laubach v. Colley, 283 Pa. 366.

OPINION BY MR. JUSTICE SADLER, March 14, 1927:

Anton Wazelle, the defendant, purchased an automobile for the convenience and pleasure of himself and family. On October 21, 1924, with his consent, his son, Jules, made use of the car to attend a dance held some miles distant. The boy was nineteen years of age, and a regularly licensed driver, and there is no suggestion that he was incompetent to act as an operator. The trip, which ended in a collision with another machine, was not made in furtherance of the father's business, but solely for the amusement of the son. Upon returning, the latter carried as a guest Edmund Piquet, minor child of the plaintiffs, who was injured and later died as a result of the negligence of young Wazelle. The parents brought this action to recover damages from his father, and a verdict was rendered in their favor. The learned court below refused motions for a new trial and judgment n. o. v., and this appeal followed. A motion to

quash for technical errors appearing in the brief of appellant was presented, but the defects complained of were corrected, and it therefore need not be considered.

The facts presented are few and not the subject of serious dispute. The car was owned by the defendant, and had been purchased for family purposes. It was permissively driven the night of the accident by Jules for his individual purposes, and the injury to his guest was due to lack of care in operating the motor. A single legal question is presented for our consideration, whether under such circumstances the parent is liable for the loss sustained, the request for a new trial having been abandoned. If a judgment against defendant is proper it must be on the theory that the son was either the servant or the agent of his father, and based on the ground that the automobile was intended for the recreation of all the members of the Wazelle family, and when so used with the knowledge and consent of the parent, though not in the course of his business, he is responsible for any injury resulting to third persons.

Before considering the Pennsylvania cases, we may make some reference to the general underlying principles which control situations of this kind. It will first be observed that an automobile is not an instrumentality inherently dangerous,—and this has frequently been held,—where it is driven by one regularly licensed, as here, and whose ability to operate has been certified to by the State, which authorizes the individual to control the car. Prima facie, under such circumstances, he is fit to do so, and, in the present case, the boy was admittedly competent, notwithstanding the occurrence of this unfortunate accident. Had the contrary been true, and it appeared the father had permitted the son to take charge of an article which he would have reason to believe might result in injury to others, a different situation would be presented. If we are to hold the defendant liable, we must go further and say, because of the fact

that there was a permissive use of the car, Jules became either the servant or agent of his father, for whose acts, within the scope of the authority granted, the latter is liable.

The appellate court of New York thus stated the proposition: "The question which [is before us] really resolves itself into the one whether, as a matter of common sense and practical experience, we ought to say that a parent who maintains such article [as an automobile] for family use and occasionally permits a capable son to use it for his individual convenience ought to be regarded as having undertaken the occupation of entertaining the latter, and to have made him his agent in this business although the act is solely for the benefit of the son": Van Blaricom v. Dodgson, 220 N. Y. 111. In passing upon such possible liability, other illustrations are there given, such as an accident happening from the use of property provided for the family, like a horse, boat, or golf sticks, and comment is made on the difference in the operation of the more dangerous automobile, but, as there stated, this does not change the rules as to principal and agent, or master and servant, and, unless this relation exists, no recovery can be had where injury occurs.

The same conclusion has been reached in many other jurisdictions where like facts have appeared. References may be made to decisions in a few of the states adjoining: Doran v. Thomsen, 76 N. J. L. 754; Myers v. Shipley, 140 Md. 380; McGowan v. Longwood, 242 Mass. 337; Haskell v. Albani, 245 Mass. 233; Landry v. Richmond (R. I.), 124 Atl. 263; Arkin v. Page, 287 Ill. 420, in which cases citations of many other authorities, dealing with the same subject, will be found, as they will be in the annotation to 32 A. L. R. 1504, and the notes in the same series of reports to which it is a supplement. Rulings to the contrary appear, of which the most often cited is Birch v. Abercrombie, 74 Wash. 486, 133 Pac. 1020, but the weight of authority is to the effect that

there is no liability on the part of the father under circumstances such as found here. The learned counsel for appellant suggests that the States of New Jersey and Illinois have departed from the rule first enunciated and expressed in the reports above mentioned, as shown by Missell v. Hayes, 86 N. J. L. 348, 91 Atl. 322, and Graham v. Page (Ill.), 132 N. E. 817, but an examination will show that in both instances referred to it was made to appear that the car at the time of the accident was being employed to carry out some household errand, and not solely for the personal use of one member of it.

A review of the authorities in our own State will show that they are in accord with the doctrine declared in the majority of other jurisdictions. If the car, though acquired for the benefit of the family, is not operated at the time of the accident on behalf of the owner and in furtherance of his business, or that of the family, even though it was permissively used, no liability follows, for it cannot be said that the driver was his servant or agent. This is expressly declared in Markle v. Perot, 273 Pa. 4; Calmann v. Sperry, 276 Pa. 273. See also, Scheel v. Shaw, 60 Pa. Superior Ct. 73, affirmed, 252 Pa. 451. It is true that in the two cases first mentioned the son was an adult, but this distinction is immaterial here, in view of the fact that young Wazelle was a licensed driver, and his competency to drive a car is not the subject of dispute. Though the operator is a minor member of the family, yet when engaged on his individual concerns, there can be no recovery: Kunkle v. Thompson, 67 Pa. Superior Ct. 37.

Had the parent permitted an incompetent and unauthorized person to drive, such as appeared in Laubach v. Colley, 283 Pa. 366, then a different conclusion would be reached. And if it appears that the automobile was, at the time, being devoted to the master's business, either by a member of the famliy or a chauffeur under his direction, express or implied, a recovery may be had: Moon v. Matthews, 227 Pa. 488; Hazzard v. Carstairs,

244 Pa. 122; McCaffrey v. Lukens, 67 Pa. Superior Ct. 231; Fox v. Cahorowsky, 66 Pa. Superior Ct. 221. In effect, this was the decision in Crouse v. Lubin, 260 Pa. 329, where the automobile had been purchased for the use of the mother of the defendant, and was driven by a chauffeur engaged by the wife, or by the husband on her behalf. Ordinarily, it is for a jury to say whether the family car at the time of the accident was engaged on the work of the defendant (Raub v. Donn, 254 Pa. 203; Laubach v. Colley, supra), but, in this instance, there is no suggestion that it was operated for such purpose. On the contrary, it was admittedly being used by the son for his personal pleasure in attending a dance. This brings the case plainly within the rule laid down in Markle v. Perot, supra. It is not pretended that, at the time of the collision, he was engaged in any errand for the father, or the family, nor is it disputed that he was driving the automobile on his own mission. Under the circumstances, the owner of the car cannot be held liable, and the judgment entered cannot be sustained.

The judgment is reversed, and is here entered for the defendant.