Mitchell et al. *v.* Ellmaker et ux., Appellants.

584

Argued November 15, 1938.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER and RHODES, JJ.

*S. H. Humes,* of *Humes & Baird,* for appellants.

*Wm. Henry Smallock,* of *Smallock & Mink,* for appellees.

OPINION BY PARKER, J., March 3, 1939:

This is an action in trespass brought by a minor and her parents against Laird H. Ellmaker and Sarah Ellmaker, husband and wife, to recover damages resulting from injuries to the minor. The child was struck by an automobile owned by the husband and driven by the wife when she was alone in the car. The cause was sub-

mitted to a jury which found separate verdicts for the child and for her parents against both defendants. The defendants have appealed, alleging errors in the charge to the jury by the trial judge and the refusal of a new trial. No motion was made for judgment n. o. v.

The appellants base their argument upon two propositions; first, that the trial judge should have given binding instructions for the defendant, Laird H. Ellmaker, and, second, that the trial judge committed error in charging the jury as follows: "Therefore we say to you, if you find the plaintiffs in this case are entitled to recover, under the instructions that we have given you, and after a survey of all of the evidence, you would return your verdict, whatever sum you think they are entitled to, against the two defendants, Laird Ellmaker, and Sarah Ellmaker, his wife."

As Ellmaker was not in the car when the child was injured and the jury have found by their verdict that the accident was caused by the negligent operation of the car by his wife, any liability of the husband must arise, if at all, by imputing the negligence of the wife to the husband.

Immediately previous to the instruction recited above, the trial judge instructed the jury as follows: "It [the car] was driven by his wife, who is not the owner of the car. However, the testimony is that she had the car with the full knowledge and consent of her husband. They had driven down town from the South Side, and he had gotten out to go to his place of work, and then Mrs. Ellmaker took the car to go out and visit her sister, and she was on her way to her sister's home when this accident happened ...... Hence one who keeps an automobile for the pleasure and convenience of himself and family is liable for injuries caused by the negligent operation of the machine while it is being used for the pleasure or convenience of a member of his family. His liability results from the fact that this car was being used for the purpose he had

authorized and he is prima facie responsible for its management when in the ordinary use for that purpose. The possession of the car by the wife at the time of the accident in question, was the possession of the husband; therefore that makes the husband also liable."

As the facts that the husband was the owner of the car, that it was used for family purposes, and that it was used by the wife at the time of the accident with the express permission of the husband for a specific purpose were shown by the testimony of the defendant, then if the court was correct in stating that as a matter of law the husband would be liable for the tort of his wife, it follows, that if the wife was liable the husband was also liable. It is therefore necessary to inquire whether the trial judge correctly stated the law.

This court has consistently held, in a long line of decisions, that "in an action to recover damages for injuries received from an automobile accident, it is necessary for plaintiff to prove, in some adequate manner, not only that defendant was the owner of the car, and that the driver was his servant, but also that such servant was at the time engaged in the master's business": *Double v. Myers,* 305 Pa. 266, 270, 157 A. 610.

"A distinction has been drawn between cars employed for business and pleasure purposes. In the case of the former, the operation is presumed to be in the master's service, and the burden rests on him to show the contrary to be true: *Gojkovic v. Wageley,* 278 Pa. 488 [123 A. 466] ; *Sieber v. Russ Brothers,* 276 Pa. 340 [120 A. 272]. Where, however, we deal with vehicles used for family needs, a different rule is applied, and it must ordinarily appear, before a recovery may be had, that the person using the motor was engaged on the owner's work, whether he be a chauffeur *(Scheel v. Shaw,* 60 Pa. Superior Ct. 73, affirmed in 252 Pa. 451 [97 A. 685] ), or a member of the defendant's household: *Markle v. Perot,* 273 Pa. 4 [116 A. 542] ; *Calmann v. Sperry,* 276 Pa. 273 [119 A. 915] ; *Kunkle v. Thompson,* 67 Pa. Superior Ct.

37. It is ordinarily for the jury to say if the driver was acting within the scope of the authority granted: *Raub v. Donn,* 254 Pa. 203 [98 A. 861]": *Laubach v. Colley,* 283 Pa. 366, 369, 129 A. 88.

As the law with relation to the liability of an owner for the negligent operation of his car has developed, one primary and all important principle has been evolved which has been stated frequently in this language: "The liability of the owner of a motor vehicle, for the tortious act of a driver of his car which causes injury to a third person, rests either on the relation of master and servant, or of principal and agent, between the owner and the driver": *Markle v. Perot,* 273 Pa. 4, 5, 116 A. 542. Also, see *Kunkle v. Thompson,* 67 Pa. Superior Ct. 37; *Rodgers v. Saxton,* 305 Pa. 479, 488, 158 A. 166.

In *Markle v. Perot,* supra, a father, the owner of an automobile, was held not to be liable for the negligent act of his adult son in operating the car, although the son resided with his father, the car had been used for the pleasure, comfort, and convenience of the family, and the son was using the car with permission of the father but on the son's business. Like results were reached in *Kunkle v. Thompson,* supra, where the son was nineteen years of age, and in *Piquet v. Wazelle,* 288 Pa. 463, 136 A. 787, where the son was also nineteen years of age, the car was purchased for the convenience of the owner and his family, and it was used with the permission of the father.

There is an even closer case in which the owner of the car was a husband and the car was being operated for the wife. In *Rosen v. Diesinger,* 306 Pa. 13, 158 A. 561, the principles applied in the case of father and son were extended to a situation where the liability of husband and wife was involved. There the defendant's husband kept his car at a garage and paid the monthly rental to the proprietor which "included the delivery of the car to their apartment whenever he or his wife

wanted it" (p. 16). The wife telephoned for the car and the proprietor sent it in the care of a driver, the proprietor's servant. While en route to the apartment an accident occurred due to the negligence of the driver. In holding that the husband was not liable, Mr. Justice MAXEY said (p. 18): "We cannot agree that the permissive use of Diesinger's car by his wife made her his agent or servant while using the car. Testimony offered in behalf of plaintiff showed that the defendant summoned the car so that she might be able to keep an appointment with her physician and therefore the inference is legitimate that when the car was being taken to her by Combs, it was being used for her benefit exclusively. There is no evidence that when Combs was bringing the car to her in compliance with her request that the car was then engaged in furthering her husband's business. The reasoning in *Piquet et ux. v. Wazelle,* 288 Pa. 463, supports the conclusion that there was no legal liability on the husband when his wife uses the car under circumstances such as are found here." The only difference in the facts in the Rosen case and in the present case is that there the wife was using the car to visit a doctor and here the wife was using the car to make a personal visit to her sister. We have here no evidence that the visit to the sister was for the purpose of furthering her husband's business. That case is controlling here.

The statement in the charge that one who keeps an automobile for pleasure and convenience of himself and family is liable for injuries caused by the negligent operation of the machine while it is being used for the pleasure or convenience of a member of his family is not in accord with the decisions of the appellate courts. It follows that the court erred in saying in effect that if verdicts were found against the wife the plaintiffs were entitled to verdicts against both.

While it is true that since the enactment of the scire facias act of April 10, 1929, P. L. 479 (12 PS §141), it

is now permissible to join as defendants all parties who could be added to the record as additional defendants by any of the defendants sued originally *(Williams v. Kozlowski,* 313 Pa. 219, 169 A. 148), it is nevertheless important to separate the issues being tried where, as here, the defendants are not joint tort feasors but the liability arises out of the relation of master and servant or principal and agent. "The trial judge, in an action of trespass brought against two defendants jointly, may dismiss the suit as to one of them if the evidence does not justify a recovery against him and submit the case to the jury as to the remaining defendant, as if he or she had been sued alone; and it authorizes the court in banc to enter judgment against the defendant deemed liable and judgment non obstante veredicto in favor of a defendant against whom the evidence did not warrant a verdict, whether the action was brought against the defendants jointly or not": *Arndt v. Brockhausen,* 126 Pa. Superior Ct. 269, 275, 191 A. 362.

As the defendants made no motion for judgment n. o. v., the remedy is to grant the husband defendant a new trial: *Maher v. Chapins; Lunch Co.,* 119 Pa. Superior Ct. 213, 216, 180 A. 739. *East Broad Top Transit Co. v. Flood,* 326 Pa. 353, 192 A. 401, has no application to the present situation as we see it. Here, there was fundamental error that went to the heart of the case.

No reason is assigned or was presented on argument for disturbing the verdict against the wife save her claim that the judgment was larger than it would have been if it had been rendered against the wife alone. We cannot assume that the jury rendered a larger verdict than they should have, and nothing; is presented which would indicate that the award was excessive.

The judgments against Sarah Ellmaker are affirmed, and the judgments against Laird H. Ellmaker are reversed with a venire facias de novo.