## Hildock *v.* Grosso, Appellant.

Argued March 23, 1939. Before SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*W. Brown Higbee,* of *Higbee, Lewellyn & Higbee,* for appellant.

*Dean S. Sturgis,* of *Morrow & Sturgis,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, April 17, 1939:

This appeal is from an order of the court below taking off a compulsory nonsuit. There is no appeal from such an order and therefore the appeal must be quashed: *Dellacasse v. Floyd,* 332 Pa. 218, 2 A. (2d) 860.

The quashing of the appeal means that the case may be retried. If the testimony on a second trial should be the same as on the one we are reviewing, such retrial would be a useless proceeding. The nonsuit was removed because of a mistaken view of the law by a majority of the court below; Judge CARR, who dissented, had the right view.

Defendant owned the automobile which, it is claimed, injured plaintiff while it was being driven by defendant's adult son. The car had been purchased by the father for the pleasure and convenience of the family. The father was unable to drive the car. On the day of the occurrence out of which this action grows, the son, who had a driver's license, asked his father for the use of the

automobile to go to Uniontown in order to make arrangements for his approaching marriage and the father allowed him to use the vehicle to make the trip. During its progress the collision occurred in which plaintiff was injured.

No agency of the son for the father or relation of master and servant was created under the circumstances. The son operated the car on his own account and for his own purpose.

The cardinal principle applicable to the factual situation here presented was succinctly stated by the late Mr. Justice SADLER in *Piquet v. Wazelle,* 288 Pa. 463, 467, 136 A. 787: "If the car, though acquired for the benefit of the family, is not operated at the time of the accident on behalf of the owner and in furtherance of his business, or that of the family, even though it was permissively used, no liability follows, for it cannot be said that the driver was his servant or agent." In *Warman v. Craig,* 321 Pa. 481, 482, 184 A. 757, a case strikingly similar to the case at bar, Mr. Justice DREW said: "The fact that the car was owned by defendant and was being operated by his adult son with his permission is of itself insufficient to charge defendant with liability. . . . It was incumbent upon plaintiff to prove that the son, his father's servant, was engaged upon his father's business when operating the car, so as to be subject to the latter's control or right of control at the time of the accident."

The cases of *Moon v. Matthews,* 227 Pa. 488, 76 A. 219; *Hazzard v. Carstairs,* 244 Pa. 122, 90 A. 556, and *Crouse v. Lubin,* 260 Pa. 329, 103 A. 725, relied upon by the court below, are readily distinguishable. In each of these cases the operator of the motor vehicle was at the time of the accident engaged in the furtherance of the family business.

Appeal quashed at appellant's cost.