454 A.2d 80

**Michael BRESLIN, a minor, by his parent and natural guardian, Charles BRESLIN, and Charles Breslin in his own right, Appellants**

v.

**Camille RIDARELLI and Robert Ridarelli.**

Superior Court of Pennsylvania.

Argued March 31, 1982.

Filed Dec. 17, 1982.

Petition for Allowance of Appeal Denied April 4, 1983.

James Wormer, Philadelphia, for appellants.

Sean James J. O'Callaghan, Philadelphia, for appellees.

Before WIEAND, McEWEN and POPOVICH, JJ.

WIEAND, Judge:

Michael Breslin, a minor pedestrian, was struck by a vehicle owned by Robert Ridarelli and operated by his wife, Camille Ridarelli, in Wildwood, New Jersey. The owner was not present in the car at the time of the accident. An action for the minor's injuries was commenced against Camille Ridarelli and also against Robert Ridarelli. The trial court entered summary judgment in favor of the owner, Robert Ridarelli; and the minor, by his father and natural guardian, appealed. We affirm.

Paragraph four of appellants' complaint averred that Michael Breslin sustained injuries as a result of "the carelessness, recklessness and negligence of defendant, Camille Ridarelli, as the agent or servant of defendant, Robert Ridarelli ...." Appellees' answer to the complaint specifically denied that Camille Ridarelli was the agent or servant of Robert Ridarelli at any time relevant to the instant action and averred that she was acting on her own behalf at the time of the accident.

Extensive discovery proceedings disclosed no factual support for the averment that Camille Ridarelli had been acting as either the agent or servant of her husband when the accident occurred. Therefore, Robert Ridarelli served upon appellants a supplemental interrogatory asking for the facts upon which the complaints' averment of such relationship was based. After objections had been dismissed by the court, appellants answered:

"The defendant, Camille Ridarelli, was coming from Philadelphia to Wildwood to rejoin her husband with her daughter. Her coming to Wildwood was a family benefit as well as a benefit to her husband. She was driving her husband's car at the time of the accident and was going to meet him. We were informed that she was bringing various items of her husband's clothing with her as well as various items for the house in Wildwood."

Thereafter, a motion for summary judgment was filed on behalf of the owner. A decision was deferred by the court, which, on July 9, 1980, directed appellants to file one or more affidavits setting forth the facts relied upon to support the averment that an agency or master-servant relationship existed at the time of the accident. In response to this order, Charles Breslin, the minor's father, stated under oath that on the day of the accident and on the day following the accident he had spoken by telephone with Camille Ridarelli, who told him "that she was driving her husband's car; that she was coming from Philadelphia to meet him; that she was bringing him clothing and other personal items; and that she was bringing other items for the family house in Wildwood." On September 16, 1980, the court denied the motion for summary judgment but "without prejudice to [appellee] to reapply for summary judgment following the taking of a deposition of the plaintiff, Charles Breslin." [1]

Depositions of Charles Breslin were scheduled for November 26, 1981; Breslin's counsel, however, sought to prevent the depositions by protective order. His motion for protective order was denied on January 21, 1981, and the trial court ordered Breslin to appear for depositions within sixty (60) days. The order concluded: "If Charles D. Breslin fails to comply with this Order, then he will not be

1. "[A] court has very wide discretion in disposing of [a motion for summary judgment]. In addition to definite rulings granting or refusing the motion, the court may give the parties an opportunity to supplement an inadequate record; it may deny the motion without prejudice to the making of another motion thereafter; it may grant a partial summary judgment ...." 2 Goodrich-Amram § 1035(b):9.

permitted at trial to testify in support of the matters contained in the affidavit filed in response to this Court's Order of July 9, 1980." Ridarelli's counsel gave notice of depositions for March 6, 1981, but neither Breslin nor his counsel appeared. The depositions were rescheduled for March 19, 1981. By letter of March 9, 1981, appellants' counsel, Allen Feingold, notified appellees' counsel and the Honorable Lawrence A. Brown, trial judge, that Breslin had "no intention of again coming to Philadelphia for this deposition" and suggested that an appropriate motion be filed "so that the sanctions entered on the order is [sic] allowed." Robert Ridarelli again moved for summary judgment and, following argument, this motion was granted. The court's order did not terminate or affect in any way the action against Camille Ridarelli, the driver.

Pa.R.C.P. 1035(b) directs a court to enter summary judgment "... if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In making such a determination, "all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment." *Ritmanich v. Jonnel Enterprises, Inc.*, 219 Pa.Super. 198, 203, 280 A.2d 570, 573 (1971), citing *Schacter v. Albert*, 212 Pa.Super. 58, 239 A.2d 841 (1968). Accord: *Tom Morello Construction Company, Inc. v. Bridgeport Federal Savings & Loan Association*, 280 Pa.Super. 329, 334, 421 A.2d 747, 750 (1980).

However, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may *not* rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Pa.R.C.P. 1035(d).

■ Ordinarily, the question of the existence of a principal-agent or master-servant relationship is one of fact for the jury to determine. *Feller v. New Amsterdam Casualty Company,* 363 Pa. 483, 486, 70 A.2d 299, 300–301 (1950); *Mitchell v. Ellmaker,* 134 Pa.Super. 583, 587, 4 A.2d 592, 594 (1938); 8 P.L.E. Automobiles & Motor Vehicles, § 434, p. 200. However, where the facts giving rise to the relationship are not in dispute, "the question of the relationship between the parties is one which is properly determined by the court." *Juarbe v. City of Philadelphia,* 288 Pa.Super. 330, 335, 431 A.2d 1073, 1076 (1981) citing *Feller v. New Amsterdam Casualty Company, supra.*

Viewing the facts in the light most favorable to appellants it is evident, nevertheless, that the trial court properly granted Robert Ridarelli's motion for summary judgment.

■ The family use doctrine is not a part of the law in Pennsylvania. *Haskey v. Williams,* 360 Pa. 78, 60 A.2d 32 (1948). The mere fact of the spousal relationship is insufficient to impose liability upon the husband-owner for the wife-driver's negligence, if any. *Richardson v. Patterson,* 368 Pa. 495, 497, 84 A.2d 342, 343 (1951); *Hildock v. Grosso,* 334 Pa. 222, 5 A.2d 565 (1939); *Warman v. Craig,* 321 Pa. 481, 184 A. 757 (1936); *Piquet v. Wazelle,* 288 Pa. 463, 467, 136 A. 787, 788 (1927). Similarly, the mere fact that the husband-owner has given permission to his wife to use the vehicle is insufficient to establish an agency or master-servant relationship. *Warman v. Craig, supra; Rosen v. Diesinger,* 306 Pa. 13, 158 A. 561 (1932); *Mitchell v. Ellmaker, supra.* To establish liability against an absent owner, it must be shown not only that the driver was the owner's servant but also that such servant was at the time engaged in the master's business so as to be subject to the master's control or right of control. *Smalich v. Westfall,* 440 Pa. 409, 269 A.2d 476 (1970); *Hildock v. Grosso, supra* 334 Pa. at 224, 5 A.2d at 566, quoting from *Warman v. Craig, supra* 321 Pa. at 482–483, 184 A. at 758; *Mitchell v. Ellmaker, supra; Arndt v. Brockhausen,* 126 Pa.Super. 269, 191 A. 362 (1937). Vicarious liability will be imposed in

situations involving non-commercial vehicles only where the master possessed the right to control the servant's acts. "If a particular agent is not a servant, the principal is not considered a master who may be held vicariously liable for the negligent acts of the agent. *Smalich v. Westfall, supra; Turley v. Kotter,* [263 Pa.Super. 523, 398 A.2d 699 (1979)]. A servant is an agent whose *physical conduct* in the performance of the service is *controlled or is subject to the right of control* by the master; that is, a master controls not only the *results* of the work, but the *manner* in which the work is to be performed." *Juarbe v. City of Philadelphia, supra* 288 Pa.Super. at 335, 431 A.2d at 1076 (citations omitted) (emphasis in original). To impute negligence, the party so contending must show that the driver was under the control of the owner as fully as if the driver were a paid servant. Negligence will not be imputed to the husband of a motorist where the uncontradicted evidence is that the motorist was on a mission of her own and that her husband had not ordered or requested her to do any thing for him. *Graham v. Sieger,* 196 Pa.Super. 622, 624, 176 A.2d 457, 458 (1961). As our Supreme Court noted in *Klein v. Klein,* 311 Pa. 217, 219, 166 A. 790, 791 (1933):

In a long line of cases, running at least from *Scheel v. Shaw,* 252 Pa. 451 [97 A. 685], to *Double v. Myers,* 305 Pa. 266 [157 A. 610] we have consistently held, in cases not involving business automobiles, that "In an action to recover damages for injuries resulting from an automobile accident, it is necessary for plaintiff to prove not only that the driver was his servant, but that such servant was at the time engaged in the master's business." No such proof was produced here.

This rule applies with peculiar force when the parties are husband and wife. Appellees' counsel contend, however, that the relation between appellant and her husband, in respect of driving the car when this accident happened, was that of principal and agent, or of master and servant, and hence she is liable for the negligence of her husband, as her agent or servant. We think other-

wise. Although such relations, legally speaking, may exist between a husband and wife, it is only in rare instances that they do. While the unity, which for so long a time was held to exist between them, has, by statute, been modified to a considerable degree, in matters like the present it has not been changed at all. In the use of the property of each other, no one, least of all the husband or wife, thinks of the husband as being the principal or master of the wife, or the wife as being the agent or servant of the husband, or vice versa, and the law must recognize this fact in exactly the way that the world at large recognizes it, for such is actually the relation of the parties.

■ In the instant case, there was no suggestion whatsoever of any right of the owner to control the operation of his vehicle. Mrs. Ridarelli's depositions disclose unequivocally that she had gone home to Philadelphia for personal reasons. Appellants' affidavit recites only that she intended to meet her husband, who was already in Wildwood, and that she was carrying in the car items of her husband's clothing and items for the house in Wildwood. However, there is no suggestion that she was the agent or servant of her husband, that she went to Philadelphia at her husband's direction, or that the husband had reserved the right to control her activities or the manner in which she operated the vehicle. A master-servant relationship is not established merely by evidence that the wife-driver, without request, had determined to bring with her to Wildwood items of clothing or items for the house. The mere presence in the car of such items, without more, was insufficient to establish a master-servant relationship and impose vicarious liability upon Ridarelli for the torts of his wife.

■ Finally, it may be observed that appellant, by the court's order, cannot prove that items of clothing and items for the house in Wildwood were in the vehicle at the time of the accident. Mrs. Ridarelli has denied that she was bringing anything with her to Wildwood. Breslin, by his answers to interrogatories, has said that the only evidence of

the presence of such items available to him is the statement made to him by Mrs. Ridarelli. However, he has properly been denied the right to use this evidence by court order entered pursuant to Pa.R.C.P. 4019 [2] after he refused to comply with an earlier order directing him to appear for depositions. See: *Verbalis v. Verbalis*, 286 Pa.Super. 209, 428 A.2d 646 (1981).

We conclude, therefore, that there is no real issue of material fact in this case, and that the trial court correctly entered summary judgment in favor of the absent owner.

Order affirmed.

**2.** Pa.R.C.P. 4019 provides, in part:

(a)(1) The court may, on motion, make an appropriate order if
. . . .
(iv) a party or an officer, or managing agent of a party or person designated under Rule 4007.1(e) to be examined, after notice under Rule 4007.1, fails to appear before the person who is to take his deposition;
. . . .
(c) The court, when acting under subdivision (a) of this rule, may make
. . . .
(2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition;
. . . .