# Radkowski v. Nationwide Mutual Insurance Co.

*Charles F. Bennett,* for plaintiffs.
*William C. Kuhn,* for defendants.

FORNELLI, *J.,* June 4, 1985—This action in trespass arises out of a vehicular collision. The car in which the wife plaintiff was riding was allegedly struck broadside by a vehicle owned by defendant Donald L. Black. The Black car was operated and solely occupied by his wife, defendant Mary Jane Black, an employee of defendant Nationwide Insurance. Defendants Donald L. Black and Nationwide have filed a motion for summary judgment as to their inclusion in this suit.

Interrogatories were served upon plaintiffs requesting the factual basis for their averments that the wife defendant was acting as the employee, servant, or agent of either the husband defendant or Nationwide (hereinafter defendants) at the time of

this accident. Plaintiffs' answers to the interrogatories alleged that defendant Mrs. Black was on an errand for defendant Nationwide at the time of this accident and omitted any reference to defendant Mr. Black.

Defendants' answer to plaintiffs' complaint denies plaintiffs' allegation that any employee, servant or agent relationship existed at the time of this accident. It avers that the wife-defendant was at all times acting solely on her own behalf.

Defendants Nationwide and Donald Black have filed a motion for partial summary judgment contending that neither is vicariously liable for defendant Mrs. Black's alleged negligence.

Following depositions of Mr. and Mrs. Black, plaintiffs withdrew their opposition to Nationwide's motion for summary judgment. Thus the sole issue remaining is whether there is any dispute of material fact as to defendant husband Mr. Black being vicariously liable for his wife's alleged negligent operation of his[1] car in his absence.

## DISCUSSION

Pa.R.C.P. 1035(a) provides:

"After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits." A court has wide discretion in disposing of a motion for summary judgment. In addition to granting or refusing the motion a court may grant a partial summary judgment.

---

1. Paragraph 5 of defendants' answer admits that the car operated by defendant Mrs. Black was titled in defendant husband's name.

Breslin v. Ridarelli, 308 Pa. Super. 179, 182, n.1, 454 A.2d 80, 81, n.1 (1982); 2 Goodrich-Amram §1035(b):9.

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Coyle v. Staley, 315 Pa. Super. 189, 191-92, 461 A.2d 861, 862 (1983); Breslin v. Ridarelli, 308 Pa. Super. 179, 183, 454 A.2d 80, 82 (1982); Pa.R.C.P. 1035(b). A fact is material if it directly affects the dispositon of a case. Allen v. Colautti, 53 Pa. Commw. 392, 398, 417 A.2d 1303, 1307 (1980) citing Windber Area Authority v. Rullo, 36 Pa. Commw. 131, 135-36, 387 A.2d 967, 969-70 (1978).

In passing upon a motion for summary judgment, the trial court's function is not to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. Pennsylvania Gas & Water Company v. Nenna and Frain, Inc., 320 Pa. Super. 291, 298, 467 A.2d 330, 333 (1983). The court must accept as true all well-pleaded facts in the non-moving party's pleadings. Community Medical Services of Clearfield, Inc. v. Local 2665, American Federation of State, County, and Municipal Employees, AFL-CIO, 292 Pa. Super. 238, 242, 437 A.2d 23, 25 (1981).

Two elements must be present before the court enters summary judgment: (1) the movant's right must be clear; and (2) all the evidence, viewed in a light most favorable to the nonmoving party, leaves not the slightest doubt as to the absence of a genuinc issue of material fact. Simpson v. Com., Pennsylvania Board of Probation and Parole, 81 Pa. Commw. 432, 435, 473 A.2d 753, 754 (1984);

Weiss v. Keystone Mack Sales, Inc., 310 Pa. Super. 425, 430, 456 A.2d 1009, 1011 (1983). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Thompson Coal Co. v. Pike Coal Co., 488 Pa. 198, 204, 412 A.2d 466, 469 (1980); Cathcart v. Keene Industrial Insulation, 324 Pa. Super. 123, 146, 471 A.2d 493, 505 (1984).

Ordinarily, the question of the existence of a principal-agent or master-servant relationship is one of fact for the jury to determine. Breslin v. Ridarelli, 308 Pa. Super. 179, 184, 454 A.2d 80, 82 (1982) citing Feller v. New Amsterdam Casualty Co., 363 Pa. 483, 486, 70 A.2d 299, 300-01 (1950) and Mitchell v. Ellmaker, 134 Pa. Super. 583, 587, 4 A.2d 592, 594 (1938). However, where the facts giving rise to the relationship are not in dispute, the question of the relationship between the parties is one properly determined by the court. Breslin v. Ridarelli, 308 Pa. Super. 179, 184, 454 A.2d 80, 82 (1982) citing Juarbe v. City of Philadelphia, 288 Pa. Super. 330, 335, 431 A.2d 1073, 1076 (1981).

In the case at bar, viewing the facts in a light most favorable to plaintiffs it is evident that partial summary judgment should be granted in favor of the husband-defendant Mr. Black.

Pennsylvania has not adopted the family use doctrine.[2] Breslin v. Ridarelli, 308 Pa. Super. 179, 184, 454 A.2d 80, 82 (1982) citing Haskey v. Williams, 360 Pa. 78, 60 A.2d 32 (1948). The mere fact of a spousal relationship is insufficient to impose liability upon a husband-owner for a wife-driver's negli-

---

2. But see Smith v. Jamison, 89 Pa. Super. 99, 107 (1926). Although never expressly overruled, we believe that the rationale of Smith has long been rejected by the cases cited above.

gence. Breslin v. Ridarelli, 308 Pa. Super. 179, 184, 454 A.2d 80, 82 (1982) citing Richardson v. Patterson, 368 Pa. 495, 497, 84 A.2d 342, 343 (1951); Hildock v. Grosso, 334 Pa. 222, 5 A.2d 565 (1939); Warman v. Craig, 321 Pa. 481, 184 Atl. 757 (1936); Piquet v. Wazelle, 288 Pa. 463, 467, 136 Atl. 787, 788 (1927). Similarly, the mere fact that a husband-owner has given permission to his wife to use the vehicle is insufficient to establish an agency or master-servant relationship. Breslin v. Ridarelli, 308 Pa. Super. 179, 184, 454 A.2d 80, 82 (1982). (Citations omitted.)

To establish liability against an absent owner, it must be shown not only that the driver was the owner's servant but also that the servant was at the time engaged in the master's business so as to be subject to the master's control or right of control.[3] Breslin v. Ridarelli, 308 Pa. Super. 179, 184, 454 A.2d 80, 82 (1982) citing Smalich v. Westfall, 440 Pa. 409, 269 A.2d 476 (1970). Vicarious liability will, therefore, be imposed in situations involving non-commercial vehicles only where the master possessed the right to control the servant's acts. "This rule applies with peculiar force when the parties are husband and wife." Klein v. Klein, 311 Pa. 217, 219, 166 Atl. 790, 791 (1933); Breslin v. Ridarelli, 308 Pa. Super. 179, 185, 454 A.2d 80, 83 (1982).

---

3. As noted in Klein v. Klein, 311 Pa. 217, 219, 166 A. 790, 791 (1933):

"In a long line of cases, running at least from Sheel v. Shaw, 252 Pa. 451, 97 A. 685 (1916) . . ., we have consistently held in cases not involving business automobiles that 'In an action to recover damages for injuries resulting from an automobile accident, it is necessary for plaintiff to prove not only that the driver was his servant, but that such servant was at the time engaged in the master's business.' "

Plaintiffs here contend that the relationship between defendant Mr. Black and his wife at the time of this accident was that of principal and agent, or master and servant; and hence, he is liable for her alleged negligence, as his agent or servant. This contention must be examined in light of the following:

"Although such relations, legally speaking, may exist between a husband and wife, it is only in rare instances that they do. While the unity, which for so long a time was held to exist between them, has, by statute, been modified to a considerable degree, in matters like the present it has not been changed at all. In the use of the property of each other, no one, least of all the husband or wife, thinks of the husband as being the principal or master of the wife, or the wife as being the agent or servant of the husband, or vice versa, and the law must recognize this fact in exactly the way that the world at large recognizes it, for such is actually the relation of the parties." Breslin v. Ridarelli, 308 Pa. Super. 179, 186, 454 A.2d 80, 83 (1982) citing Klein v. Klein, 311 Pa. 217, 219, 166 Atl. 790, 791 (1933).

"If a particular agent is not a servant, the principal is not considered a master who may be held vicariously liable for the negligent acts of the agent." Breslin v. Ridarelli, 308 Pa. Super. 179, 185, 454 A.2d 80, 82-83 (1982) citing Smalich v. Westfall, 440 Pa. 409, 269 A.2d 476 (1970) and Turley v. Kotter, 263 Pa. Super. 523, 398 A.2d 699 (1979). A servant is an agent who in the performance of the service is controlled or is subject to the right of control by the master; i.e., a master controls not only the results of the work, but the manner in which the work is to be performed. Juarbe v. City of Philadel-

phia, 288 Pa. Super. 330, 335, 431 A.2d 1073, 1076 (1981).

To impute negligence, the party so contending must show that the driver was under the control of the owner as fully as if the driver were a paid servant. Breslin v. Ridarelli, 308 Pa. Super. 179, 185, 454 A.2d 80, 83 (1982). Negligence will not be imputed to the husband of a motorist where the uncontradicted evidence is that the motorist was on a mission of her own and that her husband had not ordered or requested her to do anything for him. Id.

The extensive discovery proceedings in this case disclose no factual support for plaintiffs' averment that the wife-defendant had been acting as either the agent or servant of her husband when this accident occurred. Mr. Black neither directed, authorized, nor had the opportunity to control his wife at the time of the accident. Wife-defendant was on a mission of her own and was not ordered or requested by her husband to do any thing for him.[4]

Deposition testimony discloses that prior to this accident Mrs. Black received a phone call from a repairman who was servicing the truck Mr. Black normally used to drive to and from work. This repairman advised her that his portion of the repair work was completed; that he was taking her husband's truck to a radio repair shop for final repair work to be completed that day; that the truck would be parked outside the radio repair shop once the final

---

4. The fact that the wife-defendant in Breslin v. Ridarelli was driving her husband's car from Philadelphia intending to meet him in Wildwood and carried without request in the car items of her husband's clothing and for their house in Wildwood did not prevent the court's conclusion that she was not his servant or agent and was on a mission of her own. See 308 Pa. Super. at 186, 454 A.2d at 83 (1982).

repairs were completed; and that if she would stop at the radio repair shop prior to its closing to pick up the keys to her husband's truck Mr. Black could obtain his truck after closing hours. Defendant Mrs. Black agreed to pick up the keys to her husband's truck on her way home from work. The accident occurred as she was leaving for work.[5]

Deposition testimony further discloses that Mr. Black was unaware that his wife intended to pick up the keys to his truck at the radio repair shop. Defendant Mr. Black seldom drove the car and, more or less, considered it to be his wife's car. Mrs. Black also stated that she and her husband owned this car by the entireties.[6] It is obvious that defendant Mrs. Black did not need her husband's permission, express or implied, to drive this car as plaintiffs contend and that Mr. Black was not aware of his wife's intention to pick up the keys to his truck on her direct route home from work.

Mrs. Black also filed a supporting affidavit which further declares that on the day in question she was operating the car only for her own benefit en route home from work. It is to be noted that plaintiffs failed to respond when asked by interrogatory to explain the factual basis behind their averment that the relationship between defendants Mr. and Mrs. Black was either one of agency or master-servant at the time of this accident.

---

5. The keys to Mr. Black's truck were not in the car operated by Mrs. Black at the time of this accident. All we have before us is evidence of Mrs. Black's intention to pick up these keys on her direct route home from work. See, Breslin v. Ridarelli, 308 Pa. Super. 179, 186-87, 454 A.2d 80, 83 (1982). However, this intention is not denied by Mrs. Black.

6. But see n.1, supra.

Plaintiffs have neither filed counter-affidavits nor otherwise disputed any of defendant's testimony. Defendants contend that plaintiffs are merely resting upon their pleadings in not submitting any affidavits to repudiate the evidence presented.

Failure to file counter-affidavits, however, does not automatically render summary judgment appropriate. Marchese v. Marchese, 457 Pa. 625, 630, 326 A.2d 321, 323 (1974); Amabile v. Auto Kleen Car Wash, 249 Pa. Super. 240, 246, 376 A.2d 247, 250 (1977). Pa.R.C.P. 1035(d) states:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, should be entered against him."

Therefore, if the non-moving party does not oppose a properly supported motion for summary judgment with affidavits, depositions, or the like, he may not rely upon his pleadings to controvert those facts presented by the moving party's depositions. Amabile v. Auto Kleen Car Wash, 249 Pa. Super. 240, 246, 376 A.2d 247, 250 (1977). "Supporting affidavits, after a motion for summary judgment, are acceptable as proof of facts. Pleadings are not." Amabile v. Auto Kleen Car Wash, 249 Pa. Super. 240, 246, 376 A.2d 247, 250 (1977) citing Phaff v. Gerner, 451 Pa. 146, 303 A.2d 826 (1973).

Amabile further states at page 250:

"However, merely because a party does not oppose by affidavit, deposition, or the like, a factually supplemented motion for summary judgment, it does not follow that the motion must be granted.

The last sentence of Pa.R.C.P. 1035(d) provides that if the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against him." Summary judgment is appropriate only when the moving party has met his burden of showing that there is no material issue of fact. Santoro v. City of Philadelphia, 59 Pa. Commw. 114, 118-9, 429 A.2d 113, 116 (1981).

Plaintiff alleges that either an agency or master-servant relationship existed between defendants Mr. and Mrs. Black at the time of this accident yet has not in any way repudiated defendants' evidence of the lack thereof. In considering a motion for summary judgment, a lower court may rely on pleadings and answers to interrogatories for uncontroverted facts, but must ignore controverted facts which are not supported by separate affidavits. Anderson v. Automobile Fund, 258 Pa. Super. 1, 10, 391 A.2d 642, 646 (1978).

Plaintiffs assert they are not merely resting upon their pleadings but contend that the deposition testimony of defendants Mr. and Mrs. Black establishes the existence of either an agency or master-servant relationship between them, or at the very least, creates a question as to its existence, making summary judgment inappropriate.

The uncontradicted evidence here establishes that Mrs. Black at the time of this accident was intending to pick up the keys to her husband's truck, without his knowledge or request, on her direct route home from work. Plaintiffs argue that Mr. Black would have required the services of a driver other than himself to effect the return of his truck to his home, i.e., he would have had to employ transportation of some kind, whether he picked up the truck at the repairman's premises or at the radio repair shop. This argument is specious. Although we

agree that defendant Mr. Black would probably have required another's assistance in either situation, plaintiffs' argument ignores the critical matter of Mr. Black's ignorance of and inability to select, direct, authorize, or otherwise control his wife's activity at the time she was assisting him.

Plaintiffs also contend that the repairman's phone call to Mrs. Black evidences apparent agency and that Mr. Black's general consent and permission to his wife to use his car establishes that Mrs. Black was operating this car as his servant and on his business at the time of the accident.[7] This argument is also without merit. Even if defendant Mrs. Black needed her husband's permission to operate the car, the need of that permission would be by itself insufficient to impose liability. Granting husband-defendant's need of another's assistance, Mrs. Black was not selected, directed, or authorized by him, nor was she in any other way under her husband's control or right of control as a servant at the time of the accident.

---

7. Plaintiffs cite Mazi v. McAnlis, 365 Pa. 114, 74 A.2d 108 (1950) as authority for their position. Mazi, however, is clearly distinguishable. Mazi involved a father and son where the father as owner of a car permitted his son to use it to drive the other siblings to school. On one such occasion, the son was involved in a vehicular collision. The father attempted to escape liability by contending that the son was neither his servant nor agent. The Mazi court, however, found that the father had a duty to educate his children and that when the father allowed his son to drive the other siblings to school in the father's car, the son was acting on behalf of and for his father's benefit. The question of agency was, therefore, for the jury. No such duty exists in the instant case. Nor is there here present any element of permission. Moreover, the father in Mazi, unlike defendant husband herein, directed, authorized, and had a significantly greater opportunity to control the son.

Mr. Black contends that the fact his wife, unknown to him, intended to voluntarily pick up the keys to his truck on her direct route home from work does not make Mrs. Black his agent, servant, or employee at the time of this collision. We agree. There being no genuine issue of material fact as to either an agency or master-servant relationship here presented, we shall grant summary judgment in favor of defendant Mr. Black. .

## ORDER

And now, this June 4, 1985, defendants' motion for summary judgment is granted.